Filed 9/1/20  P. v. Gales CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAWRENCE GALES,<br><br>    Defendant and Appellant. | D076347<br><br><br><br>(Super. Ct. No. JCF38005) |

APPEAL from a judgment of the Superior Court of Imperial County, Marco D. Nunez, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Charles C. Ragland, Alana Butler, and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

On October 31, 2017, Lawrence Gales, pled no contest to hit and run driving resulting in serious injury or death in violation of the Vehicle Code section 20001, subdivision (b)(2) in Imperial County Superior Court. Gales was granted three years of formal probation and specifically directed to obey all laws.

On April 11, 2019, the probation department filed a petition for revocation of Gales's probation, alleging that Gales failed to obey all laws. The petition alleged Gales committed attempted murder (Pen. Code,[1] §§ 664/187, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), criminal threats (§ 422, subd. (a)), and corporal injury to a cohabitant (§ 273.5, subd. (a)).

On May 15, 2019, a contested probation revocation hearing resulted in the trial court finding, by a preponderance of the evidence, that Gales had committed assault with a deadly weapon (§ 245, subd. (a)(1)) and corporal injury to a cohabitant (§ 273.5, subd. (a)).

On July 22, 2019, the court sentenced Gales to the low term of two years in state prison.

Gales now appeals, contending the evidence was insufficient to show that he committed assault with a deadly weapon (§ 245, subd. (a)(1)) and corporal injury to a cohabitant (§ 273.5, subd. (a)).

We find the evidence was sufficient to support the trial court's revocation of Gales's probation and affirm.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

BACKGROUND

On April 10, 2019, deputy Bryan Weimer was dispatched to a Salton City AM/PM gas station due to suspicious circumstances involving a vehicle parked at pump 17. Upon arrival, the vehicle, a silver BMW owned by Elena M. but driven by Gales, began to pull away, prompting Weimer to turn on his lights and sirens to stop Gales. Gales indicated to Weimer that Gales was at the AM/PM gas station with his girlfriend who was inside the bathroom changing the baby.

Deputy Weimer entered the AM/PM and was directed by one of the store clerks to the break room where Weimer found Elena M. crying and upset. After confirming physical injuries on Elena M., Weimer called for medical personnel. Emergency medical technicians (EMTs) arrived shortly after, and while they were treating Elena M., deputy Weimer heard Elena M. tell the EMTs, "My boyfriend beat me up." When asked about puncture wounds on her stomach, Elena M. told EMTs her boyfriend had stabbed her with a pocketknife. Elena M. went on to tell the EMTs she sustained her injuries near Rutner and De La Ocean in Salton City. Sometime later, either during the investigation or medical follow up, Elena M. informed Weimer that Gales had punched her several times in the face and chest when the two were in Salton City.

At trial Gales did not testify, but he introduced testimony of a phone call between John A. Harter, an Imperial County deputy public defender, and Elena M. Harter received the phone number from Gales's father, and the woman on the other line, who stated she was Elena M., said Gales was innocent of the attack and an ex-boyfriend and his associates attacked her when she stopped to inspect a flat tire on the side of the road while in Arizona. Harter went on to tell the court Elena M. had lied to Weimer about

3

the attack because she was suffering from a panic attack and did not want to go to the hospital.

Elena M. could not be found despite an extensive search of every known address or location associated with her in both Arizona and California. The primary testimony at the hearing consisted of the statements offered by Weimer and Harter.

The court found, by a preponderance of the evidence, Gales failed to obey all laws during his formal probation and committed assault with a deadly weapon (§ 245, subd. (a)(1)) and corporal injury to a cohabitant (§ 273.5, subd. (a)).

## DISCUSSION

Gales's sole issue on appeal is that the evidence was insufficient to support the trial court's finding. Gales claims there was no evidence provided by Elena M. to implicate Gales as the boyfriend who beat her up. We reject Gales's argument and affirm.

In order to show a violation of probation, the government must prove, by a preponderance of the evidence, the defendant violated one or more conditions of his probation. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 446-447.) We review the trial court's decision for abuse of discretion with accompanying factual findings under the substantial evidence standard. (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.) It is not enough that the facts allow for a difference of opinion. (*People v. Moya* (1986) 184 Cal.App.3d 1307, 1312.) A trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it. (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Here, there is substantial circumstantial evidence to show that Gales was the person responsible for Elena M.'s injuries: Weimer arrived at the

AM/PM finding Gales driving Elena M.'s car. Gales identified Elena M. as his girlfriend when he was first approached by officer Weimer. Officer Weimer overheard Elena M. tell the EMT, "my boyfriend beat me up." Elena M. told the EMTs treating her that her boyfriend had stabbed her with a pocketknife, and that the attack happened in Salton City. Even if the usage of "boyfriend" and "girlfriend" could be considered confusing, Elena M. told Weimer that Gales had punched her in the face and chest in Salton City when discussing her injuries. Elena M.'s statements to Weimer and EMTs indicates Gales as not only her boyfriend, but the person who assaulted her in Salton City where the attack took place.

Even the most stringent reading of the testimony provided strongly points to Gales as the person responsible for Elena M.'s injuries. Gales's defense, that an ex-boyfriend followed Elena M. and assaulted her with his associates in Arizona, is supported only by the phone call between Harter and a woman claiming to be Elena M. Harter made no attempts to verify the person's identity beyond asking for her name or verifying the phone number he received from Gales's father. Taken at face value, Harter's testimony still does not foreclose upon concluding Gales was the boyfriend who beat up Elena M. A reasonable trier of fact could believe Elena M.'s statements made to EMTs and Weimer were more credible than a phone call with defense counsel much later. Therefore, contrary to Gales's assertion, there was plenty of evidence introduced to identify Gales as the boyfriend who beat her up.

Considering the evidence introduced at trial and the great deference accorded to the trial court's decision (*People v. Urke* (2011) 197 Cal.App.4th 766, 773), the fact finder could reasonably conclude Gales was the person responsible for Elena M.'s injuries, and Gales had committed assault with a

5

deadly weapon (§ 245, subd. (a)(1)) and corporal injury to a cohabitant (§ 273.5, subd. (a)).  Given Gales's formal probationary status, the trial court acted well within its discretion in deciding to revoke Gales's probation.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:



IRION, J.



GUERRERO, J.

6