Filed 10/21/20  P. v. Jones CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>  v.<br><br>JAKE JONES, JR.,<br><br>     Defendant and Appellant. | C090133<br><br>(Super. Ct. Nos. 17F6607,<br>    15F6619) |

Following numerous reinstatements, the trial court revoked and terminated the probation of defendant Jake Jones, Jr., in his two Shasta County cases and ordered his suspended prison sentence executed.  Defendant contends the court abused its discretion when it revoked his probation because his violations were not willful and were de minimis.  Disagreeing, we affirm the judgment.

1

BACKGROUND

*Procedural History*

In 2015 (the 2015 case) defendant pleaded no contest to one count of unlawfully driving or taking a vehicle (Veh. Code, § 10851, count 1) and one (misdemeanor) count of driving under the influence (*id*., § 23152, subd. (e), count 5), and admitted a prior strike allegation (Pen. Code, § 1170.12).[1]  The trial court suspended imposition of sentence and granted him three years of probation.

From July 2016 through October 2017, the Shasta County probation department (Shasta probation) filed five petitions to revoke defendant's probation in the 2015 case based upon a variety of alleged violations that included multiple failures to report, failure to submit monthly reports, failure to return to Shasta County after travel, failure to charge his ankle monitor, disorderly conduct, trespassing, and resisting an officer.  A warrant was issued for all but one petition because defendant failed to appear for the hearings.  In total, defendant admitted to four violations, and after each admission the trial court placed him back on probation.

While still on probation in the 2015 case, in December 2017 defendant was charged with assault with a deadly weapon (count 1) and assault with force likely to cause great bodily injury (count 2), with a prior strike conviction and prior prison term (§§ 245, subds. (a)(1), (a)(4), 667.5, subd. (a), 1170.12).  A petition to revoke probation in the 2015 case was filed due to the 2017 charges (the 2017 case).

Defendant pleaded no contest to count 1 in the 2017 case and admitted violating probation in the 2015 case, in exchange for a probationary sentence and dismissal of the remaining counts and allegations in the 2017 case and reinstatement of probation in the 2015 case.  On February 21, 2018, the trial court imposed and stayed a sentence of four

---

[1]  Further undesignated statutory references are to the Penal Code.

years in prison for the 2017 case and eight months consecutive for the 2015 case. The court dismissed the remaining counts and allegations and placed defendant on probation in both cases.

*Specifics of Probation Violations*

On April 18, 2018, defendant obtained permission from Shasta probation to travel to Fresno for one month; he failed to report back as required. On August 9, 2018, he was charged in Fresno with resisting an officer. On August 20, 2018, while defendant was in custody in Fresno, Shasta probation petitioned to revoke defendant's probation in the 2017 case based on two alleged violations: (1) defendant had not reported to probation since April 18, 2018, and (2) defendant had not submitted a written report to probation since April 18, 2018. Defendant did not appear at the hearing on the petition and a bench warrant issued.

Defendant, who apparently suffers from bipolar disorder and had not been taking his antipsychotic medication, was deemed incompetent in Fresno and transferred to a state hospital from October 2018 to April 2019. He was then deemed competent and pleaded no contest to a misdemeanor count; he was ordered released at his sentencing on May 20, 2019, having already served his sentence. On June 3, 2019, defendant reported to Shasta probation and was sent to the Shasta County jail due to his active warrants.

Defendant admitted to both violations of probation on June 11, and was sentenced the next month. At sentencing, defendant argued that he was not "willfully in violation" because he was deemed incompetent in Fresno. The trial court commented on the "great difficulty with this decision" but noted that defendant "certainly had a great amount of time to cooperate." The court revoked probation and ordered the stayed prison sentence executed. Defendant timely appealed in both cases.

3

Defendant heads his sole argument on appeal as a lack of substantial evidence of a willful violation and argues abuse of discretion in the trial court's execution of the prison sentence. Characterizing his violations and "not willful under the circumstances" and "de minimis," he argues that his failure to report was due solely to circumstances beyond his control while in Fresno and that "there was no evidence that [he] was not ready and willing to comply with probation at the time of revocation."

The Attorney General points out that defendant was free from custody in Fresno for four months after his permission to travel expired, and he did not comply with probation conditions at that time; further, while involved in his Fresno case he was represented by counsel, but there is no evidence he attempted to contact Shasta probation or resolve his warrants in the 2017 and 2015 cases. The Attorney General also points to defendant's extensive history of noncompliance on probation and lengthy criminal history to justify the trial court's decision to terminate probation. In reply, defendant argues mitigation based on his substance abuse issues and a claim of provocation in the 2017 (assault) case.

In a probation revocation proceeding, the People need prove a probation violation by a preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 446-447.) "We review the trial court's probation revocation order for an abuse of discretion. [Citations.] The trial court's factual findings are reviewed for substantial evidence. [Citations]." (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.) " '[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation.' " (*Rodriguez,* at p. 443.)

Applying the required standard of review, we see no abuse of discretion here. Defendant was permitted to travel to Fresno from April 18, 2018, to May 19, 2018. The terms of his probation required that he report back to Shasta probation at the end of the month and continue submitting his monthly written reports. He failed to return in May,

4

and failed to submit monthly reports for May, June, or July, all *prior* to his arrest in August 2018. Thus defendant had committed both violations prior to his incarceration. Further, defendant had the opportunity to inform Shasta probation, either for himself or through his attorney, of his whereabouts during his incarceration and treatment, yet he failed to do so even after his competency was restored. Defendant's failure to report to probation in *any* capacity for over 13 months, including the nearly four months prior to his arrest in Fresno, supports a conclusion, demonstrated by the preponderance of the evidence, that the violations were willful and that they were not de minimis. This conclusion is further bolstered by defendant's history of multiple probation violations, which includes several failures to return or report to probation.

Defendant relies on *People v. Buford* (1974) 42 Cal.App.3d 975, but that case is distinguishable. In *Buford* there was insufficient evidence the probation officer informed the defendant of his duty to report monthly, and the evidence showed that the defendant attempted to schedule a new appointment on the rare instances he did not report. (*Id.* at p. 985.) Here, unlike in *Buford*, there is substantial evidence that defendant was informed of his duty to report monthly, and that defendant made no effort to fulfill that obligation for over a year, including during extensive periods of time where there is no evidence whatsoever that he was in any way constrained or impeded from doing so.

The uncontradicted evidence of the nature and context of defendant's admitted probation violations, viewed in the light most favorable to the trial court's order, provides ample support for the order revoking probation and refusing reinstatement. There was no abuse of discretion.

DISPOSITION

The judgment is affirmed.


                                              /s/
                                        Duarte, J.



We concur:



      /s/
Hull, Acting P. J.



      /s/
Murray, J.

6