Filed 2/18/21  P. v. Wiltse CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DON RALPH WILTSE,<br><br>    Defendant and Appellant. | A159418<br><br>(Mendocino County Super. Ct. No. SCUKCRPA1933755) |

Appellant Don Ralph Wiltse, having served a prison term for failing to register as a sex offender, was found to have violated conditions of his parole that prohibited him from entering or loitering "within 250 feet of the perimeter of places where children congregate" or from entering "any park where children regularly gather" without the permission of his parole agent.  We conclude that while these terms were reasonable, they were not violated when appellant, who was homeless at the time, took a 15-minute shower in a KOA campground with the permission of the owner when the only evidence presented showed the campground to be closed to the public.  We reverse the order revoking his parole and imposing 60 days in custody.

1

## I.   BACKGROUND

Appellant's criminal history includes forcible lewd conduct with a child under 14 in violation of Penal Code section 288, subdivision (b)(1).[1]  In 2016, he was convicted of failing to register as a sex offender under section 290.018, subdivision (b).  He was initially placed on probation but was sentenced to two years in prison following a violation and was released on parole on June 6, 2018.

When appellant was released on parole, the Division of Adult Parole Operations for the Department of Corrections and Rehabilitation (DAPO) imposed several special conditions, a written copy of which appellant signed on June 7, 2018.  Any exceptions to the conditions were to be approved in writing by the Unit Supervisor.  Condition number 18 provided, "You shall not enter or loiter within 250 feet of the perimeter of places where children congregate; e.g., day care centers, schools, parks, playgrounds, video arcades, swimming pools, state fairgrounds, county fairgrounds, etc."  Condition number 20 provided, "You shall not enter any park where children regularly gather without prior written approval from your parole agent.  The written approval must be kept with you while you are in the park."  Condition number 99 provided, "You shall not use any public shower facility, join any health club, physical fitness training facility, or sports club."  Appellant violated parole several times

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

2

and was returned to custody at least four times before the end of 2019.

An electronic GPS investigation revealed that on December 15, 2019, appellant had entered a KOA campground which DAPO considered off limits due to his conditions of parole. On December 24, 2019, DAPO filed a petition to revoke appellant's parole, alleging he had violated conditions 18, 20 and 99 by going to the campground to shower. On January 8, 2020, appellant filed a motion to strike these parole terms and dismiss the petition to revoke his parole, alleging the conditions were unconstitutionally overbroad and violated the Eighth Amendment's proscription against cruel and unusual punishment. He relied on *Martin v. City of Boise* (9th Cir. 2019) 920 F.3d 584 (*Martin*), in which the court held an ordinance constituted cruel and unusual punishment to the extent it prohibited camping on public land when a sleeping place was unavailable at any public shelter, and argued that the campground was the only place he could shower. Appellant filed an amended motion to correct certain typographical errors on January 13.

A contested hearing was held on January 15, 2019, at which appellant was the only witness. He testified that on December 15, 2019, he was homeless, and that there were no shelters in the area where he was allowed to shower. He went inside a KOA campground in Willits to take a shower with the permission of one of the owners, who allowed him to go there to clean up. It was about 10 p.m. and the facility was not open at

3

that time. It was normally open in the summer but was not open in the winter. There was a lock on the shower door that could only be opened with a code because it was after hours, and the owner punched in the numbers for appellant to let him in. Appellant remained inside showering for about 15 minutes before getting back in his car and leaving. He had gone to the campground with two adults and there were no children present.

Appellant was aware that the KOA campground is a place where families with young children regularly go "when it's open." He did not know whether children ever stay the night there during winter because it wasn't his "regular hang out." He did not have written permission from his parole officer to go to the campground.

The prosecutor argued that a violation had been proven because appellant was in a place open to the public where children regularly go with their families. Defense counsel argued appellant had a "fundamental human right to clean himself" and had not been provided with alternatives by DAPO. He argued that the campground was not a public facility, but if it were a public facility, the *Martin* decision would control and would allow appellant to shower there if it was demonstrated he could not shower elsewhere due to his homelessness: "[I]t's clear that my client is a sex offender registrant, but he's still a human being, not an animal."[2] (Capitalization omitted.)

_____

[2] Appellant does not renew his argument under *Martin* on appeal.

4

The court found that appellant had violated conditions 18 and 20. It concluded the parole conditions were not overbroad and were reasonably related to future criminality because they were designed to keep appellant away from places where children frequently congregate. The court noted that appellant could seek the permission of DAPO if he had a good reason for needing to be in a place that was otherwise off limits. It found appellant had not violated parole condition number 99 because the campground was privately owned and the shower he used was not a "public" shower. The court imposed 60 days in custody for the parole violation.

## II. DISCUSSION

"The Legislature has declared that the period immediately following incarceration is critical to successful reintegration of offenders, warranting effective parolee supervision and judicious revocation actions. . . . Conditions may 'govern the location in which the parolee resides, the persons with whom he associates and lives, the places to which he may travel, his use of intoxicants, and other aspects of his life.' [Citation.] Violation of the terms of parole may lead to its revocation and defendant's return to prison." (*People v. Austin* (2019) 35 Cal.App.5th 778, 786 (*Austin*).)

"Because parolees retain constitutional protection against arbitrary and oppressive official action, 'parole conditions, like conditions of probation, must be reasonable.' " (*Austin, supra*, 35 Cal.App.5th at p. 787; see also *Kevin R. v. Superior Court* (2010) 191 Cal.App.4th 676, 685 (*Kevin R.*); *In re Stevens* (2004) 119

Cal.App.4th 1228, 1234.) "A parole condition that bars lawful activity is valid only to the extent 'the prohibited conduct either 1) has a relationship to the crime of which the offender was convicted, or 2) is reasonably related to . . . future criminality.' " (*Kevin R.*, at p. 685; *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).)

At a parole revocation hearing, the prosecution is required to demonstrate, by a preponderance of the evidence, that a parole violation has occurred. (§ 3044, subd. (a)(5); see also *People v. Rodriguez* (1990) 51 Cal.3d 437, 446–447 (*Rodriguez*).) Because the trial court's decision to revoke parole is largely discretionary, we review a revocation order for abuse of discretion, and review the court's factual findings for substantial evidence. (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318 [discussing standard in the context of a probation revocation hearing]; see also *Rodriguez*, at pp. 441–447.)

A. *Validity of Parole Conditions 18 and 20*

Appellant argues that the parole conditions he was found to have violated were invalid because they are not reasonably related to the offense of failing to register as a sex offender or to further criminality. The People respond that appellant was required to show he challenged these conditions administratively as he was required to do under *In re Hudson* (2006) 143 Cal.App.4th 1, 7 (*Hudson*).

In *Hudson*, the court held that a defendant who filed a petition for writ of habeas corpus to challenge special parole conditions was required to exhaust his administrative remedies.

6

(*Hudson, supra,* 143 Cal.App.4th at pp. 7–8.)  We are not considering a challenge to a parole condition in a habeas petition, and "the lack of an administrative appeal has no bearing" to a challenge to parole conditions in a direct appeal from a parole revocation proceeding.  (*Austin, supra,* 35 Cal.App.5th at p. 785.)  We assume appellant was not required to exhaust his administrative remedies and further assume his objection based on the reasonableness of the parole conditions was preserved by his citation to *Lent, supra,* 15 Cal.3d at page 486 in the motion to strike the parole terms.  But on the merits, appellant's claim fails.

Appellant argues that he was convicted of failing to register as a sex offender, and that sex offender registration statutes are not intended to limit where a person can go.  From this he reasons that parole conditions requiring him to stay away from places where children "congregate or gather" were not reasonably related to the offense of conviction.

Appellant's underlying offense may have been failing to register as a sex offender, but he was only subjected to the registration requirement because he had committed a forcible sex crime against a child.  Restricting his access to places where children were likely to be found would therefore deter his future criminality.  We note that in the event appellant has a legitimate reason for being in a place otherwise forbidden by his parole, he can seek permission from DAPO.  Parole conditions 18 and 20 are valid.  (*People v. Urke* (2011) 197 Cal.App.4th 766, 775 [condition prohibiting contact with children reasonably related to lewd

7

conduct conviction]; *People v. Delvalle* (1994) 26 Cal.App.4th 869, 879 [condition requiring defendant to stay away from places children congregate not void for vagueness]; see § 3053.8 [stay away parole condition mandatory for certain sex offenders].)

B. *The Evidence Did Not Support a Violation of Conditions 18 and 20*

Although we conclude conditions 18 and 20 were reasonably related to appellant's further criminality, we must determine whether appellant's conduct in showering at the KOA campground violated those conditions. We conclude that given the evidence presented at the revocation hearing, they did not.

"The abuse of discretion standard is 'deferential,' but it 'is not empty.' [Citation.] '[I]t asks in substance whether the ruling in question "falls outside the bounds of reason" under the applicable law and the relevant facts [citations].' " (*People v. Giordano* (2007) 42 Cal.4th 644, 663.) "No court has discretion to make an order not authorized by law, or to find facts for which there is not substantial evidence." (*In re Cristian S.* (2017) 9 Cal.App.5th 510, 520.)

Appellant was the only witness to testify at the hearing. According to him, he was homeless and went to the campground solely for the purpose of showering. The campground was closed in wintertime and no children were present. He had the permission of the campground's owner, who entered a key code so that appellant could enter a locked shower, which he used for about 15 minutes before leaving the campground.

Was the campground a "place[] where children congregate" or a "park where children regularly gather" within the meaning of parole conditions 18 and 20?  Although a motor campground is not a facility used exclusively or even predominantly by children, it appears to be a place frequented by families with children when it is open to the public.  It would not, therefore, be an abuse of discretion for a court to conclude appellant violated parole conditions 18 and/or 20 if he had gone to the campground when it was open to the public.  But appellant testified he went to the campground at 10 p.m. at a time of year when the campground was closed and he was highly unlikely to encounter any unsupervised children.  Given that the only evidence presented was that the campground was closed to the public, it cannot be characterized as a "place[] where children congregate" or a "park where children regularly gather."

Certainly, it might have been possible for the People to put on evidence that the campground was, contrary to appellant's testimony, open to the public in winter, and that even if appellant did not see any children present, the fact of it being open made it a place where children congregate or regularly gather.  But appellant was the only witness at the parole revocation hearing, and he testified that the campground was closed when he went there during the wintertime.  It is possible that the trial court found him to be lacking in credibility on this point, but "[d]isbelief and rejection of defendant's testimony do not create affirmative proof to the contrary."  (*People v. Ross* (1961) 198 Cal.App.2d 723, 729.)

The People rely on the following colloquy, which ensued on cross-examination: "[Prosecutor]: Are you aware that the Willits KOA is a place where families with young children regularly go to? [Defendant]: Recently, yeah, but, I wasn't sure, like— [Prosecutor]: Is that a yes? [Defendant]: If that's what you want to call it, yes. [Prosecutor]: What do you want to call it? [Defendant]: Yeah. [Prosecutor]: Is that a yes? [Defendant]: Yeah. [Prosecutor]: Are you aware that families with young children regularly bring their motorhomes there or their trailers there and stay the night? [Defendant]: *When it's open.* [Prosecutor]: Are you aware of that, yes or no? [Defendant] Yes. [Prosecutor]: Okay, and you're saying at no point at any time during the winter does anyone with children ever stay the night there? Is that what you're telling me? [Defendant]: I don't know. I don't go there on a regular basis. It's not my regular hang out." (Italics added and capitalization omitted.)

Although appellant testified that he knew families went to the campground with their motor homes and trailers and stayed the night, he qualified this by saying they did so "when it's open." He elsewhere testified that the campground was "never open in the winter." (Capitalization omitted.) Appellant's statement that families with young children brought their motorhomes and spent the night must be viewed in this context. The People had the burden of proving a parole violation by a preponderance of the evidence. (*Rodriguez, supra,* 51 Cal.3d at p. 441.) They did not carry their burden.

### III.    DISPOSITION

The order revoking parole is reversed.

_____
                    NEEDHAM, J.

We concur.

_____
SIMONS, Acting P.J.

_____
SELIGMAN, J. *

*People v. Wiltse* / A159418

_____
        * Judge of the Superior Court of Alameda County, assigned
by the Chief Justice pursuant to article VI, section 6 of the
California Constitution.