Filed 11/8/21  P. v. Tshughuryan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

ARTYOM TOM TSHUGHURYAN,

    Defendant and Appellant.

E076566

(Super.Ct.No. SWF1907199)

OPINION

APPEAL from the Superior Court of Riverside County.  Kelly L. Hansen, Judge. Affirmed.

RP Defense Law, and Ruzanna Poghosyan for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

Artyom Tom Tshughuryan appeals from the trial court's order after a contested probation violation hearing.  The court revoked Tshughuryan's probation, imposed but suspended a seven-year prison term, and reinstated probation.  Tshughuryan argues that

1

the court abused its discretion because the evidence did not support the finding that he willfully violated his probation terms.  We affirm.

BACKGROUND

I. *Conviction and Sentencing*

A jury convicted Tshughuryan of (1) three counts of unlawful sexual intercourse with a minor more than three years younger than he was (Jane Doe) and (2) three counts of arranging to meet Doe for the purpose of engaging in lewd or lascivious behavior. (Pen. Code, §§ 261.5, subd. (c), 288, subd. (b); unlabeled statutory citations refer to this code.)  The evidence at trial showed that Tshughuryan met 17-year-old Doe on Instagram and arranged three encounters with her over the course of several months.  (*People v. Tshughuryan* (May 7, 2021, E074568) [nonpub. opn.].)[1]  Tshughuryan had intercourse with Doe at each of their three encounters.  (*Ibid*.)  At the time, Tshughuryan was nearly 40 years old.  (*Ibid*.)

In January 2020, the trial court suspended imposition of sentence and placed Tshughuryan on formal probation for five years.  The court also committed him to the custody of the Riverside County Sheriff's Department for 300 days, with credit for 144 days served.

---

[1]     We granted the People's request for judicial notice of the record in Tshughuryan's appeal from the judgment of conviction.  (*Tshughuryan*, *supra*, E074568.)

II. *First Probation Violation*

In June 2020, the probation department alleged that Tshughuryan had violated four probation terms. The court summarily revoked probation and held an evidentiary hearing on the violation allegations.

The probation officer testified that Tshughuryan was released from custody in April 2020. Shortly after their initial contact, Tshughuryan sent her a message "indicat[ing] that he did not believe probation services would be beneficial for him." She emailed him a copy of his probation terms, and he responded: "'I'm sorry. I did not agree and would never agree to those terms and conditions. That made no sense to me. What I signed wasn't my genuine desire. I was forced to sign those, meaning when the judge reads the terms and conditions, I'm not given the choice to decline . . . . An inmate at that point is actually forced to agree and sign.'"

Tshughuryan had expressed general opposition to following the probation officer's directives and advice. He sent the probation officer another email stating: "'My judgment of this case is an appealing process. This might not have to do anything directly with the work, but from my point of view, enforcing judgment that is not finalized makes no sense. . . . That includes enforcing probation, which is part of the judgment. [¶] Most Riverside County law enforcement personnel I interacted with do whatever they want or think and abuse their power. So from my point of view, their decisions are logically invalid, if not illegal. [¶] Now, I'm not implying intent to be violated, but I'm letting you know my valid legal opinion.'"

The court found that Tshughuryan had violated the probation term requiring him to register as a sex offender, but it declined to find him in violation of other terms. The court warned Tshughuryan to "change his attitude about probation," because the court could send him to prison for a maximum of eight years and four months. The court reinstated probation on the same terms and conditions and ordered Tshughuryan to register as a sex offender within seven days.

III. *Second Probation Violation*

In August 2020, the probation department alleged that Tshughuryan had violated several probation terms, including the term requiring him to follow all reasonable directives of the probation officer. The department later added an allegation that he had violated the term prohibiting him from visiting any chat rooms, message boards, or similar internet sites that minors are known to frequent.

The court summarily revoked probation and later held an evidentiary hearing on the violation allegations. The probation officer testified that after the first violation hearing, she emailed Tshughuryan on August 3, 2020, and directed him to enroll in a sex offender treatment program by August 14. The program had already sent him an enrollment packet in May 2020.

Tshughuryan emailed the program on August 11, 2020, and said that he needed to enroll by August 14. On August 14, Tshughuryan emailed the probation officer to say that he had not completed enrollment because of the "extensive amount of paperwork." She responded that she had given him ample time to review and complete the enrollment paperwork, and she directed him to complete the process that day. Tshughuryan

4

demanded an extension, stating: "Make sure you do not force me to sue Riverside County, this probation department, the Department of Social Services, and you. Do you need me to speak with your supervisor? All you need to do is extend the deadline for another week to avoid any complications, difficulties, miscommunication. That works for both of us, and people adjust and adopt with what's going on. You choose. Do that or see you in court for violation first, then defendant." Ten days later, Tshughuryan still had not enrolled in the program, but he did so later in August.

During the probation officer's initial interview with Tshughuryan, she told him that he was not permitted to use social media applications frequented by minors. That term was also on the written list of probation terms that he received. In August 2020, Tshughuryan posted negative comments on the Facebook page of his treatment program. And in September 2020, he sent the probation officer an email acknowledging his use of social media applications. It stated: "Our conversation was months ago. Lots has changed. We have not specified any definite conclusion for particular acts. It was a general instruction of not using some of them. At the time, I couldn't use them anyways. I had no money. No phone. No Internet. Now I do. And I use TikTok with my daughter. I also use Instagram and all other apps to stay in touch with lots of family members and friends. Are you officially instructing me to disconnect with my daughter, son, their mother, and all my other family and friends? Keep in mind that I monitor all you send me." The probation officer testified that TikTok, Instagram, and Facebook are social media applications frequently used by minors. After Tshughuryan's email, the probation officer directed him to delete those social media accounts.

5

The court found that Tshughuryan had violated the probation term requiring him to follow the probation officer's reasonable directives by failing to enroll in the sex offender treatment program in a timely manner. It also found that he had violated the term prohibiting him from using chat rooms, message boards, or similar internet sites frequently used by minors. The court sentenced him to seven years in prison, suspended execution of the sentence, and reinstated his probation.

DISCUSSION

Tshughuryan argues that the trial court abused its discretion by revoking his probation because the evidence did not support a finding that he willfully violated his probation terms. We disagree.

"Section 1203.2, subdivision (a), authorizes a court to revoke probation if the interests of justice so require and the court, in its judgment, has reason to believe that the person has violated any of the conditions of his or her probation." (*People v. Urke* (2011) 197 Cal.App.4th 766, 772 (*Urke*).) Proof of facts supporting the revocation of probation must be made by a preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 447.) "[T]the evidence must support a conclusion the probationer's conduct constituted a willful violation of the terms and conditions of probation." (*People v. Galvan* (2007) 155 Cal.App.4th 978, 982 (*Galvan*).) The factual findings underlying the revocation decision are reviewed for substantial evidence. (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.) The decision whether to revoke probation is reviewed for abuse of discretion. (*Urke*, *supra*, 197 Cal.App.4th at p. 773.)

Here, substantial evidence supports the trial court's finding that Tshughuryan willfully violated the two probation terms at issue. First, the evidence shows that he willfully failed to follow the probation officer's directive to enroll in the sex offender treatment program by August 14, 2020. She gave him that deadline on August 3, and he had received an enrollment packet months earlier. Even if he had not, he had ample time to get another packet from the program. His knowledge of the deadline and failure to act in a timely manner demonstrate a willful violation.

Tshughuryan suggests that the Covid-19 pandemic justified his failure to meet the deadline, but there is no evidence that Covid-related delays rendered his violation unintentional. And the case that he cites, *Galvan*, involved materially different circumstances. There, the evidence showed that the defendant did not willfully fail to report to probation within 24 hours of release from custody because the federal government immediately deported him upon his release. (*Galvan*, *supra*, 155 Cal.App.4th at p. 983.) It therefore was impossible for the defendant to report to probation in a timely manner. (*Ibid.*) There was no similar showing of impossibility here. Tshughuryan's bare assertion that he could not complete the paperwork by the deadline is not analogous.

Second, the evidence shows that Tshughuryan willfully used chat rooms, message boards, or internet sites frequently used by minors. He admitted to the probation officer that he used TikTok and Instagram to communicate with family and friends, and he used Facebook to post negative comments about his treatment program. The probation officer testified that minors frequently use all of those social media sites. In a September 2020

7

email, Tshughuryan acknowledged that the probation officer had told him not to use such sites, but he apparently determined that he could because his circumstances had "changed." All of that evidence demonstrates a willful violation of the probation term.

Tshughuryan argues that he did not violate the probation term because there is no evidence that he used the social media sites to solicit minors for sex. But the probation term prohibited him from using the sites altogether, not from using the sites for a specific purpose. And Tshughuryan does not argue that the term was overbroad or invalid under *People v. Lent* (1975) 15 Cal.3d 481, 486 (setting forth the test for an invalid probation term).

For all of these reasons, we conclude that substantial evidence supports the court's finding that Tshughuryan willfully violated his probation terms.[2]

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ_____<br>J.

We concur:

FIELDS_____
        Acting P. J.
RAPHAEL_____
        J.

---

[2] Tshughuryan's substantial evidence challenges are his only arguments for the conclusion that the trial court abused its discretion. Moreover, given that this was the second time that Tshughuryan had violated the terms of his probation, it was not an abuse of discretion to revoke his probation and sentence him to state prison.