[No. B261774. Second Dist., Div. Five. May 9, 2016.]

THE PEOPLE, Plaintiff and Respondent, v.
RYAN ALLEN BUTCHER, Defendant and Appellant.

**COUNSEL**

David W. Scopp, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

Defendant, Ryan Allen Butcher, appeals from a state prison sentence imposed following a contested probation violation proceeding pursuant to Penal Code section 1203.2, subdivision (a).[1] Defendant received a three-year eight-month prison sentence. He received a three-year principal term for violating Vehicle Code section 2800.2, subdivision (a), felony evading. And, defendant received a consecutive eight-month subordinate term for violating section 71, subdivision (a), threats against a public officer. We affirm the

---

[1] Further statutory references are to the Penal Code except where otherwise stated.

finding defendant violated the terms of his probation. We also affirm his state prison sentence. However, we order modifications to the judgment.

## II. BACKGROUND

### A. Case No. YA083992

On April 5, 2012, defendant was arrested and later, on April 9, charged with two felonies in case No. YA083992. Defendant was charged with felony grand theft of personal property and evading a peace officer with willful or wanton disregard for the safety of persons or property. (§ 487, subd. (a); Veh. Code, § 2800.2, subd. (a).) On April 23, 2012, defendant pleaded no contest to the felony evading charge. The theft charge was dismissed. Defendant received a three-year state prison sentence, which was suspended. Defendant was placed on probation for three years and required to serve 365 days in county jail. Defendant was awarded 38 days of presentence credit, 19 days for actual custody and 19 days for good time credit. The probation conditions imposed on defendant included a requirement that he "obey all laws" and court orders. Defendant was also subject to search and seizure conditions by any peace officer without a warrant, probable cause or reasonable suspicion. Defendant was assessed $40 for court operations under section 1465.8, subdivision (a)(1); $30 for court facilities under Government Code section 70373, subdivision (a)(1); a $240 restitution fine under section 1202.4, subdivision (b); a $240 section 1202.44 probation revocation restitution fine, which would become effective if his probation was revoked; and a $240 parole revocation restitution fine under section 1202.45, which would become effective if his parole was revoked.

On January 23, 2013, defendant's probation was revoked because he was arrested on a new felony offense. The prosecution was unable to proceed with the preliminary hearing on the new charge. As a result, on February 6, 2013, probation was reinstated.

On March 27, 2013, probation was once again revoked because defendant was arrested and charged with methamphetamine possession in case No. YA086737. Defendant admitted he had violated the terms of his probation after pleading no contest to the methamphetamine possession charge in case No. YA086737. Probation was reinstated under the original terms and conditions with an additional 42 days of jail time imposed. Defendant received 21 days of actual custody and 21 days' good time presentence credit. Probation was modified to impose a new condition prohibiting consumption of alcohol or drugs.

On May 2, 2013, probation was once again revoked after another methamphetamine possession arrest. On June 5, 2013, defendant was found to have

violated the terms of his probation based on his no contest plea and resulting conviction in case No. YA087170. Defendant's probation was once again reinstated on the previous terms and conditions. The trial court lifted the stay on the previously imposed $240 section 1202.44 probation revocation restitution fine.

On June 12, 2013, defendant was arrested for making a criminal threat and charged in case No. YA087652 with violating section 422, subdivision (a). We shall digest those proceedings in greater detail in part II.B. of this opinion, *post*. On September 11, 2013, defendant pled no contest in case No. YA087652 to a violation of section 71, threatening a public officer. Defendant was found in violation of probation in case No. YA083992, the felony evading case. Defendant's probation in the felony evading case was immediately reinstated.

On November 13, 2013, probation was again revoked. On November 18, 2013, defendant was found in violation of his grant of probation based on his admission in open court. No oral order was issued reinstating probation but defendant was ordered released. No oral order was issued imposing the additional days in county jail in this case. But the clerk's minutes state that probation was reinstated and defendant was ordered to serve 12 days in county jail. According to the abstract of judgment, defendant received six days of actual custody and six days of good time credits.

On September 15, 2014, probation was revoked and defendant was ordered remanded. On December 26, 2014, the probation violation hearing was held. We will digest the probation violation proceeding in part II.C., *post*, of this opinion.

### B.   Case No. YA087652

On June 12, 2013, defendant was arrested for threatening a deputy sheriff. Defendant's preliminary hearing was held on July 1, 2013. In an information filed July 15, 2013, defendant was charged with criminal threats in violation of section 422, subdivision (a). On September 11, 2013, the information was amended to add a count of threatening a public officer, a felony, in violation of section 71. Defendant pled no contest to the section 71 charge. Defendant was placed on formal probation for a three-year period. Defendant was also ordered to serve one year in county jail. Defendant received credit for 182 days served in county jail awaiting sentencing, 91 days for actual custody and 91 days for good time credit. Defendant was ordered to pay the following fines and assessments: a $280 restitution fine under section 1202.4, subdivision (b); a $280 probation revocation fine under section 1202.44 to become effective if his probation was revoked; a $40 court operations

assessment fee under section 1465.8, subdivision (a)(1); a $30 court facilities assessment under Government Code section 70373, subdivision (a)(1); and the cost of probation services under Penal Code section 1203.1, subdivision (b). Defendant was ordered as a condition of probation to obey all laws and further court orders.

As noted above, in case No. YA083992, the felony evading case, defendant's probation was expressly revoked on September 15, 2014. On January 2, 2015, the following occurred: "The Court: . . . Probation in case YA087652 . . . has never been revoked. So what I would like to do is ask for your permission to revoke that case nunc pro tunc so that we can handle both cases, Mr. Syed. [¶] [Deputy Public Defender Imran] Syed: Yes, your honor. [¶] The Court: That's okay? [¶] Mr. Syed: Yes. [¶] The Court: Mr. Butcher, you agree to that? [¶] The Defendant: Yes. [¶] . . . [¶] The Court: Then nunc pro tunc as of the defendant's September 15, 2014 arrest, his probation is revoked . . . ."

### C. Contested Probation Violation Hearing

Several judges were involved in the proceedings leading up to the probation revocation hearing, which led ultimately to defendant's state prison sentence. Judge Lauren Weis Birnstein presided over the final probation revocation hearing and imposed the state prison sentence. For clarity's sake, we will refer to Judge Birnstein as the trial court.

On September 13, 2014, defendant was arrested in Redondo Beach and charged in case No. 4SY06575. Defendant was charged with resisting or obstructing an officer in violation of section 148, subdivision (a)(1); assault on a peace officer in violation of section 241, subdivision (c); and possession of a dirk in violation of section 16470. Eventually, case No. 4SY06575 was dismissed after defendant was found in violation of probation.

On December 26, 2014, the contested probation violation hearing commenced. Redondo Beach Police Officers Brian Weiss, Ryan Harrison and Aaron Plugge testified. They testified that defendant was involved in a three-vehicle traffic collision and was unusually upset when the officers arrived. Eventually, defendant was handcuffed and a search was conducted of his truck. As matters escalated, defendant tried to bite Officer Harrison's arm. Defendant was then arrested. After the three-car accident and ensuing altercation with the police, defendant had scratches on his head, nose, right leg and elbow. The incident was captured on Officer Weiss's body camera.

Laura Alvarez testified that she was a passenger in defendant's truck when the accident occurred. Ms. Alvarez denied seeing defendant attempt to bite

any police officer. Ms. Alvarez testified she had a clear view of defendant being arrested. However, at the time that the altercation was ensuing, Ms. Alvarez testified she was talking to a police officer.

## D. Probation Revocation Order

On January 2, 2015, defendant was found to have violated the terms of his probation for failure to obey all laws: namely for assaulting a peace officer. The trial court found that Ms. Alvarez was not in a position to see the biting incident. The trial court imposed a three-year eight-month county jail sentence on defendant as a result of his convictions in cases Nos. YA083992 and YA087652. The total county jail sentence was 1,335 days. The trial court found defendant had 365 actual presentence custody credits; defendant was entitled to an additional 110 days of credit from September 15, 2014, to January 2, 2015, for a total of 475 actual custody credits; defendant was entitled to 474 days of good time credit for a total of 949 days of credit; and defendant had to serve the 386 remaining days in mandatory supervision. The trial court imposed "an additional" probation revocation restitution fine (§ 1202.44) in each case; $280 in case No. YA087652 and $240 in case No. YA083992. Defendant was released from custody.

On January 9, 2015, the trial court resentenced defendant. At the commencement of the January 9, 2015 proceedings, the trial court stated: "The other day when we sentenced [defendant], it was an illegal sentence because 2800.2 is straight state prison. It's not subject to the provisions of 1170(h)." The trial court resentenced defendant to state prison. The trial court ordered defendant to appear on January 12, 2015, to surrender to custody. This appeal followed.

## III. DISCUSSION

### A. Defendant's in Propria Persona Contentions

We appointed counsel to represent defendant on appeal. After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 [158 Cal.Rptr. 839, 600 P.2d 1071]. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277–284 [145 L.Ed.2d 756, 120 S.Ct. 746].) On July 24, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wished us to consider. On September 11, 2015, defendant filed a late supplemental letter brief, which we will consider. We have examined the entire record and find,

given the applicable standard and principles of appellate review, all of defendant's pro se contentions are frivolous.

We review the trial court's probation revocation order for an abuse of discretion. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 447 [272 Cal.Rptr. 613, 795 P.2d 783]; *People v. Urke* (2011) 197 Cal.App.4th 766, 773 [128 Cal.Rptr.3d 405]; see § 1203.2, subd. (a).) The trial court's factual findings are reviewed for substantial evidence. (*People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 681 [76 Cal.Rptr.2d 641, 958 P.2d 393]; *People v. Urke, supra,* 197 Cal.App.4th at p. 773.) The trial court found defendant had violated the terms of his probation. Substantial evidence supports the trial court's findings. The trial court accepted the testimony that defendant attempted to bite Officer Harrison. This constituted a violation of section 241, subdivision (c), assault on a police officer. Defendant's probation terms included an order that he obey all laws.

In his supplemental pro se brief, defendant asserts that the police officers lied in their testimony and recounts his version of events. We may not consider defendant's version of the events because it was not before the trial court because he did not testify. (*In re Rogers* (1980) 28 Cal.3d 429, 437, fn. 6 [169 Cal.Rptr. 222, 619 P.2d 415]; *People v. Merriam* (1967) 66 Cal.2d 390, 397 [58 Cal.Rptr. 1, 426 P.2d 161].) Additionally, we do not reweigh conflicting evidence or determine credibility on appeal. (*People v. Whisenhunt* (2008) 44 Cal.4th 174, 200 [79 Cal.Rptr.3d 125, 186 P.3d 496]; *People v. Saldana* (1975) 47 Cal.App.3d 954, 958 [121 Cal.Rptr. 243].) The trial court did not abuse its discretion when it revoked defendant's probation.

### B. Issues We Have Ordered Briefed

#### 1. The 2011 Criminal Justice Realignment Act

We asked the parties to brief the question whether, under the 2011 Criminal Justice Realignment Act (the Realignment Act), defendant was lawfully sentenced to state prison rather than county jail. In other words, we asked the parties to brief whether the sentence for a felony violation of Vehicle Code section 2800.2 subdivision (a) is a "straight state prison" term, as the trial court concluded. Or, is the sentence to be served in county jail?

■ The parties do not dispute the effect of a Vehicle Code section 2800.2, subdivision (a) prison sentence on the subordinate Penal Code section 71 term. If the Vehicle Code section 2800.2, subdivision (a) principal term must be served in state prison, then the subordinate term must be served there likewise. Section 71 states in part, "Upon a first conviction, such person is punishable by a fine not exceeding ten thousand dollars ($10,000), or by

imprisonment pursuant to subdivision (h) of section 1170, or in a county jail not exceeding one year, or by both that fine and imprisonment." (*Id.*, subd. (a)(1).) As can be noted, absent disqualifying prior convictions, a section 71 felony sentence must be served in county jail. If the felony evading term must be served in state prison, so too must the subordinate term which otherwise would be punishable by county jail custody only. (§ 1170.1, subd. (a) ["Whenever a court imposes a term of imprisonment in the state prison, whether the term is a principal or subordinate term, the aggregate term shall be served in the state prison, regardless as to whether or not one of the terms specifies imprisonment in a county jail pursuant to subdivision (h) of Section 1170."]; *People v. Vega* (2014) 222 Cal.App.4th 1374, 1387 [166 Cal.Rptr.3d 506] ["absent evidence of a contrary legislative intent, where an enhancement specifically provides for a term to be served 'in the state prison' the entire term imposed shall be served in state prison even where the underlying offense would otherwise be served in local custody"]; *People v. Torres* (2013) 213 Cal.App.4th 1151, 1153 [152 Cal.Rptr.3d 836] ["when a sentence that otherwise would have been served in county jail pursuant to section 1170, subdivision (h), is ordered to run concurrently to a sentence already being served in state prison, the entire sentence must be served in state prison"]; Couzens and Bigelow, Felony Sentencing After Realignment (Mar. 4, 2014) p. 28; see § 669, subd. (d) [concurrent terms must be served in state prison even if one of several is subject to county jail time].) Thus the dispositive issue before us is whether the violation of Vehicle Code section 2800.2, subdivision (a) must be served in state prison.

■ We conclude defendant was lawfully sentenced to state prison because a felony violation of Vehicle Code section 2800.2, subdivision (a) is expressly punishable "by imprisonment in the state prison"; a felony violation of Vehicle Code section 2800.2, subdivision (a) is not expressly punishable pursuant to Penal Code section 1170, subdivision (h); unlike other Vehicle Code provisions, Vehicle Code section 2800.2, subdivision (a) was not amended by the Realignment Act; the Legislature never replaced the Vehicle Code section 2800.2, subdivision (a) "imprisonment in the state prison" requirement with the "pursuant to subdivision (h) of Section 1170" language; and if the Legislature intended to make a Vehicle Code section 2800.2, subdivision (a) felony violation punishable by county jail custody, it would have so provided.

■ In construing the relevant statutes, we apply settled rules: "In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. (*People v. Gardeley* (1996) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713].) In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. (*People v. Lawrence* (2000) 24 Cal.4th 219, 230 [99

Cal.Rptr.2d 570, 6 P.3d 228].) If the statutory language is clear and unambiguous, the plain meaning of the statute governs. (*Id.* at pp. 230–231.)" (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056 [6 Cal.Rptr.3d 432, 79 P.3d 548]; accord, *People v. Licas* (2007) 41 Cal.4th 362, 367 [60 Cal.Rptr.3d 31, 159 P.3d 507].) With respect to the statutory language, our Supreme Court has explained: " 'We do not . . . consider the statutory language "in isolation." [Citation.] Rather, we look to "the entire substance of the statute . . . to determine the scope and purpose of the provision . . . . [Citation.]" [Citation.] That is, we construe the words in question " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .' " ' (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129].)" (*People v. Brookfield* (2009) 47 Cal.4th 583, 592 [98 Cal.Rptr.3d 535, 213 P.3d 988]; accord, *In re Reeves* (2005) 35 Cal.4th 765, 783 [28 Cal.Rptr.3d 4, 110 P.3d 1218].)

■ Our Supreme Court discussed the Realignment Act in *People v. Scott* (2014) 58 Cal.4th 1415, 1418–1419 [171 Cal.Rptr.3d 638, 324 P.3d 827]: "In 2011, the Legislature enacted and amended the [Realignment Act] (Stats. 2011, ch. 15, § 1; Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, § 1 . . . ." "[T]he Realignment Act significantly changes the punishment for some felony convictions. Under the terms of the Act, low-level felony offenders who have neither current nor prior convictions for serious or violent offenses, who are not required to register as sex offenders, and who are not subject to an enhancement for multiple felonies involving fraud or embezzlement, no longer serve their sentences in state prison. Instead, such offenders serve their sentences either entirely in county jail or partly in county jail and partly under the mandatory supervision of the county probation officer. (. . . § 1170, subd. (h)(2), (3), (5).) Felony offenders who are sentenced to county jail may be eligible for a county home detention program in lieu of confinement (§ 1203.016, subd. (a)) and are not subject to parole, which extends only to persons who have served state prison terms (§ 3000 et seq.). The Legislature provided that the sentencing changes made by the Realignment Act 'shall be applied prospectively to any person sentenced on or after October 1, 2011.' (§ 1170, subd. (h)(6) . . . .)" (Fn. omitted.) Defendant's sentences were imposed after October 1, 2011. Therefore, the Realignment Act applies to him. (§ 1170, subd. (h)(6); *People v. Scott, supra,* 58 Cal.4th at p. 1419.)

■ Under the Realignment Act, felonies are punishable by state prison custody *unless* the governing statute reflects that the offense is punishable pursuant to section 1170, subdivision (h). If the governing statute so provides that the offense is punishable pursuant to section 1170, subdivision (h), the felony sentence must be served in the county jail. Section 18 governs felony punishment generally. As amended by the Realignment Act, section 18, subdivision (a) states, "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is

punishable by imprisonment for 16 months, or two or three years in the *state prison* unless the offense *is punishable pursuant to subdivision (h) of Section 1170.*" (Italics added.) With exceptions not applicable to defendant, section 1170, subdivision (h) states in part: "(1) . . . [A] felony *punishable pursuant to this subdivision* where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a *county jail* for 16 months, or two or three years. [¶] (2) . . . [A] felony *punishable pursuant to this subdivision* shall be punishable by imprisonment in a *county jail* for the term described in the underlying offense." (Italics added.) By its express terms, section 1170, subdivision (h) is invoked when a crime is punishable pursuant to that subdivision.

██ Vehicle Code section 2800.2, subdivision (a) states in part: "(a) If a person flees or attempts to elude a pursuing peace officer . . . and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, *shall be punished by imprisonment in the state prison*, or by confinement in the county jail for not less than six months nor more than one year. The court may also impose a fine . . . or may impose both that imprisonment or confinement and fine." (Italics added.) Vehicle Code section 2800.2, subdivision (a) is an alternative felony-misdemeanor offense. (*People v. Statum* (2002) 28 Cal.4th 682, 685 [122 Cal.Rptr.2d 572, 50 P.3d 355]; see *People v. Williams* (2005) 35 Cal.4th 817, 831 [28 Cal.Rptr.3d 29, 110 P.3d 1239].) A felony violation of that statute is expressly punishable by imprisonment in the state prison. (§ 2800.2, subd. (a); see *People v. Statum, supra*, 28 Cal.4th at pp. 685, 700.) ██ Vehicle Code section 2800.2, subdivision (a) was not amended by the Realignment Act. A felony violation of Vehicle Code section 2800.2, subdivision (a) is not expressly punishable to Penal Code section 1170, subdivision (h).

██ Vehicle Code section 42000, which governs the terms imposed for felony violations of the Vehicle Code generally, does not apply to Vehicle Code section 2800.2, subdivision (a). Vehicle Code section 42000 was consistent with Vehicle Code section 2800.2, subdivision (a) prior to the Realignment Act. Prior to realignment, Vehicle Code section 42000 stated: "Unless a different penalty is expressly provided by this code, every person convicted of a felony for a violation of any provision of this code shall be punished by a fine . . . or by *imprisonment in the state prison* or by both such fine and imprisonment." (Stats. 1983, ch. 1092, § 401, p. 4083, italics added.) As amended by the Realignment Act, Vehicle Code section 42000 provides: "Unless a *different penalty is expressly provided by this code*, every person convicted of a felony for a violation of any provision of this code shall be

punished by a fine of not less than one thousand dollars ($1,000) or more than ten thousand dollars ($10,000), *or by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code*, or by both such fine and imprisonment." (Stats. 2011, ch. 15, § 615, italics added.) The post-realignment version of Vehicle Code section 2800.2, subdivision (a) falls within the initial phrase of Vehicle Code section 42000, "Unless a different penalty is expressly provided by this code . . . ."

Unlike other vehicle-related criminal provisions, Vehicle Code section 2800.2, subdivision (a) was not amended by the Realignment Act to delete the "imprisonment in the state prison" language. The Legislature could have amended Vehicle Code section 2800.2, subdivision (a) to provide for realignment sentencing if that was its intent. In 639 separate sections, the Realignment Act amended individual criminal statutes from various codes to delete a reference to the "imprisonment in the state prison" language. In those 639 separate sections, the "imprisonment in the state prison" requirement was replaced by the imprisonment "pursuant to subdivision (h) of Section 1170 of the Penal Code" language. (Stats. 2011, ch. 15, §§ 1–639.) This includes 17 Vehicle Code sections, specifically, Vehicle Code sections 2478, 4463, 10501, 10752, 10801, 10802, 10803, 10851, 21464, 21651, 23104, 23105, 23109.1, 23550, and former sections 2800.4, 23109, and 23110. (Stats. 2011, ch. 15, §§ 598–614.) Vehicle Code section 2800.2, subdivision (a) was not among the amended Vehicle Code provisions.

Similar amendments to a related Vehicle Code provision support our conclusions in this regard. The Vehicle Code provisions amended by the Realignment Act include Vehicle Code section 2800.4, evading a police officer by driving in the wrong direction on a highway. This offense is very similar to the Vehicle Code section 2800.2, subdivision (a) evading offense found in this case—evading a police officer by driving in a reckless manner. Prior to the Realignment Act, Vehicle Code former section 2800.4 provided: "Whenever a person willfully flees or attempts to elude a pursuing peace officer in violation of Section 2800.1, and the person operating the pursued vehicle willfully drives that vehicle on a highway in a direction opposite to that in which the traffic lawfully moves upon that highway, the person upon conviction is punishable by imprisonment for not less than six months nor more than one year in a county jail or by imprisonment *in the state prison*, or by a fine . . . , or by both that fine and imprisonment." (Stats. 2006, ch. 688, § 1, p. 5608, italics added.) As originally amended by the Realignment Act, Vehicle Code former section 2800.4 provided, "[T]he person upon conviction [of a felony violation] is punishable by imprisonment for not less than six months nor more than one year in a county jail or by imprisonment pursuant

to subdivision (h) of Section 1170 . . . ." (Stats. 2011, ch. 15, § 599.) However, in 2012, the Legislature again amended section 2800.4. As amended in 2012, Vehicle Code section 2800.4 states in part: "[T]he person upon conviction is punishable by imprisonment for not less than six months nor more than one year in a county jail or by imprisonment in the state prison . . . ." (Stats. 2012, ch. 43, § 111.) As amended in 2012, a felony violation of Vehicle Code section 2800.4 must be served in state prison.

Division Six of the Court of Appeal for this appellate district addressed the present issue with respect to Vehicle Code section 23550.5, subdivision (a). In *People v. Guillen* (2013) 212 Cal.App.4th 992, 995–996 [151 Cal.Rptr.3d 514], the defendant was convicted of a felony violation of Vehicle Code section 23152, subdivision (a) driving under the influence. The defendant admitted he had previously been convicted of driving under the influence within the meaning of Vehicle Code section 23550.5, subdivision (a). Vehicle Code section 23550.5, subdivision (a) specifies that certain recidivists, including the defendant, be punished "by imprisonment in the state prison" or county jail confinement for less than one year. There is no reference in Vehicle Code section 23550.5, subdivision (a) to sentencing in county jail pursuant to Penal Code section 1170, subdivision (h). Our colleagues in Division Six of this appellate district affirmed the state prison commitment. They reasoned: Vehicle Code section 23550.5, subdivision (a) does not refer to imprisonment pursuant to section 1170, subdivision (h); other statutes defining many other substantive offenses were amended to provide for felony punishment under section 1170, subdivision (h); and, "by failing to include language in [Vehicle Code] section 23550.5 authorizing punishment pursuant to . . . section 1170, subdivision (h), the Legislature intentionally excluded defendants convicted of that offense from eligibility for a county jail sentence." (*People v. Guillen, supra*, 212 Cal.App.4th at pp. 995–996.) Our Division Six colleagues further held: "[Defendant's] reliance upon section 42000 is misplaced because that section states that it applies '[u]nless a different penalty is expressly provided by this code.' Section 23550.5, subdivision (a) provides for 'imprisonment in the state prison or confinement in a county jail.' Penal Code section 18, subdivision (a) then clarifies that unspecified term: 'Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in the state prison unless the offense is punishable pursuant to subdivision (h) of Section 1170.' " (*People v. Guillen, supra*, 212 Cal.App.4th at p. 996.)

■ The analysis in *Guillen* is controlling. Vehicle Code section 2800.2, subdivision (a) does not state that a felony violation is punishable pursuant to

section 1170, subdivision (h). Instead, Vehicle Code section 2800.2, subdivision (a) expressly states that a felony violation shall be punished by imprisonment in the state prison. Other criminal provisions of the Vehicle Code, including section 2800.4, were amended as part of the Realignment Act. Vehicle Code section 2800.2, subdivision (a) was not. By not amending Vehicle Code section 2800.2, subdivision (a) the Legislature excluded section 2800.2, subdivision (a) from realignment sentencing. ■■■ Moreover, the Legislature's amendments to Vehicle Code section 2800.4 are telling: Vehicle Code section 2800.4, like Vehicle Code section 2800.2, criminalizes eluding a peace officer in a specific manner; Vehicle Code section 2800.4 applies to a person who drives against the flow of traffic; Vehicle Code section 2800.2, subdivision (a) applies to a person who drives recklessly; and Vehicle Code section 2800.4 was amended in 2011 to provide for realignment sentencing; Vehicle Code section 2800.4 was later amended in 2012 to reinstate state prison sentencing. The Legislature has clearly indicated it considers driving recklessly while eluding a peace officer not to be a low-level felony. Defendant was correctly sentenced to state prison.

## 2. Sentencing Issues*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV. DISPOSITION

The finding defendant violated the terms of his probation is affirmed. The state prison sentence is affirmed. The January 2, 2015 oral pronouncement of judgment is modified to omit the *additional* probation revocation restitution fines (Pen. Code, § 1202.44) imposed in each case. The January 9, 2015 oral pronouncement of judgment is modified to acknowledge the previously imposed parole revocation restitution fine in the amount of $240 in case No. YA083992; impose a parole revocation restitution fine in the amount of $280 in case No. YA087652; and order 583 days of presentence custody credit and 582 days of conduct credit for a total of 1,165 days of credit. Upon remittitur issuance, the abstract of judgment must be amended to reflect those credits. Also upon remittitur issuance, the trial court is to calculate the amount of unsatisfied assessments, penalties and fines. An amended abstract of judgment is to be prepared that specifically sets forth the amounts and statutory bases thereof. The trial court is to actively and personally ensure the clerk accurately prepares a correct amended abstract of judgment which

---

*See footnote, *ante*, page 310.

reflects the modifications we have ordered. (*People v. Acosta* (2002) 29 Cal.4th 105, 109, fn. 2 [124 Cal.Rptr.2d 435, 52 P.3d 624]; *People v. Chan* (2005) 128 Cal.App.4th 408, 425–426 [26 Cal.Rptr.3d 878].)

Baker, J., and Kumar, J.,[*] concurred.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.