Filed 3/29/22  P. v. Gaines CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DILLON MITCHEL GAINES,<br><br>    Defendant and Appellant. | B313834<br><br>Los Angeles County<br>Super. Ct. No. TA141619 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Carol J. Najera, Judge. Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In March 2017, defendant Dillon Mitchel Gaines pled no contest to a violation of Penal Code section 261.5, subdivision (c).[1] The trial court suspended the imposition of sentence and placed defendant on probation for five years—the maximum term of probation authorized under former section 1203.1, subdivision (a).[2] The court revoked and reinstated probation several times. In November 2019, the court summarily revoked defendant's probation for the final time and at the probation violation hearing conducted in July 2021, the court terminated probation and imposed a sentence of 16 months to be served in county jail.

Defendant argues the court lacked jurisdiction to terminate probation and impose a sentence in July 2021. Specifically, he argues that Assembly Bill No. 1950[3] (2019–2020 Reg. Sess.) (AB 1950), a legislative enactment that lowered the maximum term of probation for most felony offenders from five years to two years and which became effective in January 2021, retroactively and automatically modified his probation term to two years. Defendant posits that his term of probation, as modified by AB 1950, should be deemed to have ended in March 2019, effectively nullifying his subsequent violation of probation and all related court proceedings and orders.

AB 1950, and the shortened probationary period it established, is not applicable here. Taking into account the

---

[1] All undesignated statutory references are to the Penal Code.

[2] (Stats. 2010, ch. 178, § 75, operative Jan. 1, 2012.)

[3] (Stats. 2020, ch. 328, § 2, effective Jan. 1, 2021.)

periods during which defendant's probation was revoked—and the term of probation was tolled—defendant was only on probation for 245 days before the court terminated probation and imposed a sentence. And the court retained jurisdiction to adjudicate the probation violation between November 2019 and July 2021 while his probation was revoked. We therefore affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

On October 28, 2016, the People filed a felony complaint charging defendant with unlawful sexual intercourse in violation of section 261.5, subdivision (c). On March 16, 2017, defendant pled no contest to the single count. After finding a factual basis for defendant's plea, the court accepted the plea, suspended the imposition of sentence, and placed defendant on formal probation for a period of five years. The court also imposed a number of conditions of probation including, as pertinent here, 30 days community service with the Department of Transportation (CalTrans) and completion of an HIV/AIDS test. The court set a hearing on April 26, 2017, at which time defendant was to provide proof of enrollment and proof of HIV/AIDS testing.

On June 15, 2017, the court summarily revoked defendant's probation for the first time after he failed to appear for the scheduled hearing to provide proof of completion of service hours and proof of HIV/AIDS testing. In September 2018, defendant appeared in court and admitted, and the court found, a probation violation based on defendant's failure to complete the required community service hours. The court gave defendant an additional six months in which to complete his service hours with CalTrans. The court later converted the community service condition of probation from 30 days of service with CalTrans to 60 days of

community service and scheduled a probation violation hearing setting for March 21, 2019. Defendant did not appear at the March 21, 2019 hearing and a bench warrant was issued. The bench warrant was later recalled but reissued in May 2019.

On June 10, 2019, defendant appeared in court and again admitted that he failed to complete community service hours. The court formally revoked and then reinstated probation on the same terms and conditions but converted the community service condition to 30 days jail time.

On November 18, 2019, the court summarily revoked defendant's probation again after the probation department reported that defendant failed to report. No further proceedings occurred until July 2021, at which time the court held a probation violation hearing, noting that this was the third violation and defendant had been absconding from probation for one year and nine months. Defendant objected, stating that under AB 1950, his term of probation had automatically expired in March 2019, two years after probation was initially imposed and well before his most recent probation violation. The court acknowledged that AB 1950 shortened the maximum term of probation for most felony offenders to two years. But the court also noted that defendant's probation had been revoked in November 2019, well before the effective date of AB 1950. The court concluded that AB 1950 did not apply, terminated probation, and imposed the low term of 16 months to be served in county jail.

Defendant timely appeals from the judgment.

## DISCUSSION

Defendant challenges on jurisdictional grounds the court's order terminating probation and imposing a sentence. Specifically, defendant contends that AB 1950 retroactively modified his five-year term of probation such that it ended after two years, on March 16, 2019. Thus, according to defendant, the subsequent court proceedings in which his probation was summarily revoked and in which the court terminated probation and imposed a sentence are effectively nullified. We disagree.

### 1.    Standard of Review

We review a probation revocation order for an abuse of discretion. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 447; *People v. Butcher* (2016) 247 Cal.App.4th 310, 312; see § 1203.2, subd. (a).) The court's factual findings are reviewed for substantial evidence. (*People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 681; *Butcher*, at p. 312.) We review issues of law, including statutory construction, de novo. (*People v. Brackins* (2019) 37 Cal.App.5th 56, 65.)

### 2.    Analysis

When AB 1950 took effect on January 1, 2021, it amended section 1203.1 to limit the length of probation for most felony convictions to less than two years.[4] (§ 1203.1, subd. (a).) Although the Legislature did not address retroactivity, several recent decisions have concluded that this statute should be applied retroactively in all nonfinal cases under *In re Estrada* (1965) 63

---

[4] There are several exceptions to the two-year cap, but none is applicable here. (§ 1203.1, subd. (*l*).)

Cal.2d 740, 745 [holding that an amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date]. (See *People v. Butler* (2022) 75 Cal.App.5th 216 (*Butler*); *People v. Greeley* (2021) 70 Cal.App.5th 609, 627; *People v. Czirban* (2021) 67 Cal.App.5th 1073, 1095; *People v. Schulz* (2021) 66 Cal.App.5th 887, 895; *People v. Gonsalves* (2021) 66 Cal.App.5th 1, 12; *People v. Lord* (2021) 64 Cal.App.5th 241, 245–246; *People v. Sims* (2021) 59 Cal.App.5th 943, 955–964; *People v. Quinn* (2021) 59 Cal.App.5th 874, 879–885; see also *People v. Burton* (2020) 58 Cal.App.5th Supp. 1; cf. *People v. Faial* (2022) 75 Cal.App.5th 738 [holding AB 1950 does not apply retroactively when a defendant's probation had been revoked and sentence imposed or executed before AB 1950's effective date]; *Kuhnel v. Appellate Division of Superior Court* (2022) 75 Cal.App.5th 726 (*Kuhnel*) [noting AB 1950 neither displaces tolling provision in section 1203.2, subdivision (a), nor invalidates a valid revocation of probation occurring prior to January 1, 2021].)

Defendant asserts that the retroactive application of AB 1950 requires us to conclude that his probation term ended on March 16, 2019, two years after it was imposed. But defendant ignores the fact that his probation had been revoked for most of that two-year period.

When probation is revoked by the court, it tolls the running of the probationary period. (§ 1203.2, subd. (a) ["The revocation, summary or otherwise, shall serve to toll the running of the period of supervision."].) And citing *People v. Leiva* (2013) 56 Cal.4th 498, 514–515, the Attorney General explains that the tolling provision of section 1203.2 is designed to preserve the trial court's authority to hold a formal probation violation hearing at a

time after probation would have expired when the violation is alleged to have occurred during the probationary period. AB 1950 did not modify section 1203.2. And we agree with our colleagues in Division Three of the First District that, retroactive application of AB 1950 notwithstanding, a valid revocation of probation during the original term of probation preserves a court's jurisdiction to adjudicate an alleged probation violation that occurred within the reduced probationary period provided by AB 1950. (See *Kuhnel, supra*, 75 Cal.App.5th 726 [noting AB 1950 did not alter section 1203.2, subdivision (a), which provides that revocation of probation tolls running of probationary period until formal violation hearing is held].) Moreover, the Legislature recognized the manner in which the tolling provision applies: "A two-year period of supervision would likely provide a length of time that would be sufficient for a probationer to complete any counseling or treatment that is directed by a sentencing court. To the extent that a probationer is not complying with the treatment or counseling directed by the court during a probationary period, the court can revoke the defendant's probation until the defendant is back in compliance. The period while probation is revoked tolls the running of time towards the end point of the probationary period. That tolling process would effectively extend the probationary period for individuals that are not in compliance with the conditions of their probation." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1950 (2019–2020 Reg. Sess.) as amended May 6, 2020, p. 7.)

Here, as noted, the court imposed the initial probation term on March 16, 2017, and summarily revoked defendant's probation 91 days later, on June 15, 2017. The court did not reinstate

7

probation until June 10, 2019.[5] The term of probation then ran from June 10, 2019 until November 18, 2019, when the court summarily revoked probation after the probation department reported that defendant deserted probation. During that period, defendant was on probation for an additional 154 days, for a total of 245 days on probation.

Until recently, no published opinion had considered how AB 1950 would apply retroactively where a defendant is found in violation of probation and sentenced after AB 1950 took effect for a probation violation that occurred more than two years after he was first placed on probation.[6] In *Butler*, however, the reviewing court held that under those circumstances the trial court lacked jurisdiction to revoke the defendant's probation because AB 1950 applied retroactively. But in *Butler*, unlike in our case, the Attorney General conceded that the trial court had lost jurisdiction over the defendant by the time it terminated probation and imposed a sentence. More importantly, in *Butler*, the defendant had "already served more than the maximum term of probation allowed because he served two years and three months of probation." (*Butler*, *supra*, 75 Cal.App.5th 216.) Here, however, because of tolling, defendant had not served the

---

[5] Although defendant suggests that the court reinstated probation on September 24, 2018, the record does not support that contention. During that proceeding, the court expressly told defendant, "Your probation is going to remain revoked."

[6] In *People v. Faial, supra*, 75 Cal.App.5th 738, the defendant violated probation more than two years after probation was originally imposed, but probation was revoked and sentence executed before AB 1950's effective date.

8

maximum two-year term of probation under AB 1950 when the court revoked his probation and imposed a sentence in July 2021.

In sum, considering tolling, defendant had not been on probation for even one year when the court terminated probation and imposed a sentence. Accordingly, the two-year limit on probationary terms effected by AB 1950 does not come into play in the present case.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

LIPNER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.