Filed 3/22/24  P. v. Cooper CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B326907 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 2PH05604) |
| v. | |
| JORDAN COOPER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert M. Kawahara, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

After finding that appellant Jordan Cooper, a convicted sex offender, violated the terms of his parole supervision by letting the battery die on his GPS monitoring device, the trial court revoked his parole and ordered him to serve 180 days in county jail under Penal Code section 3010.10, subdivisions (b) and (e).[1] Cooper contends the trial court lacked substantial evidence to support its finding. We disagree and affirm.

### FACTS AND PROCEDURAL HISTORY

In 2019, appellant Jordan Cooper pled no contest to conspiracy to commit pandering (§§ 182, 266i). The trial court suspended the imposition of an eight-month sentence and placed Cooper on probation for three years. In 2020, Cooper pled no contest to robbery (§ 211) and sexual battery (§ 243), was sentenced to three years for the former and six months for the latter, to run concurrently, in addition to eight months (that had been suspended in the prior case) to run consecutively. He was ordered to register as a sex offender.

Cooper was released from prison under parole supervision in mid-September 2022, on the condition (among others) that he wear a GPS monitoring device and charge the device at least twice a day every 12 hours for at least one full hour each charging time. Despite agreeing to these terms, on September 22, 2022, Cooper allowed the battery to die on his GPS tracking device, and rendered it inoperable for two hours. Cooper had previously had a problem with the device and received a new charger for it on September 20, 2022. Cooper charged the battery for 32 minutes on the morning of September 21, 2022. When the battery on the device gets low, it vibrates every 10 minutes. The battery hit low at 8:26 p.m. on September 21, 2022. It then died

---

[1] All further statutory references are to the Penal Code.

at 3:05 a.m. on September 22, 2022, 21 hours after the 32-minute charging session on the morning prior.

On September 28, 2022, the People filed a petition for revocation of parole charging Cooper with disabling his GPS tracking device (§§ 1203.2, 3010.10). Cooper denied the allegation, and a contested parole revocation hearing occurred on November 2, 2022. At that hearing, Cooper explained that the GPS device "wouldn't hold the charge," and that the new charger he received in the days before the dead battery incident "didn't help at all." However, he admitted he had no information about how long the charge was supposed to last, and he could provide no estimation, whether in hours or minutes, of how long the charge did in fact last after he charged it. Cooper admitted he knew he was supposed to charge the device every morning and evening for an hour each time, but testified that he could not remember whether he complied with that rule. Cooper testified that he charged the device when he "felt like" he was supposed to charge it. He also testified that he fell asleep between 8:00 p.m. and 9:00 p.m., was on medication that made him very drowsy, and did not feel the device vibrate on the night/early morning the battery died.

At the close of evidence, the trial court observed, "there was a full day on . . . September 21, where he should have and he failed to charge the device prior to falling asleep . . . ." The court then found Cooper violated Penal Code section 3010.10 by disabling his GPS and acknowledged that the statute gave him "no discretion" but to impose a 180-day sentence. Cooper was given credit for 84 days, consisting of 42 actual days and 42 good time/worktime days.

3

### *DISCUSSION*

Cooper argues that substantial evidence did not support the trial court's finding that his parole violation was willful or intentional. (See *People v. Galvan* (2007) 155 Cal.App.4th 978, 981 [revocation of probation requires finding willful violation of probation terms].) We review the trial court's order revoking parole for abuse of discretion, and its factual findings for substantial evidence. (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.)

Substantial evidence supports the court's finding that Cooper's parole violation was willful. To be released on parole, Cooper agreed to wear a GPS monitor and charge it twice a day every 12 hours for at least one full hour each time. Within days of being released, Cooper allowed the GPS battery to die on September 22, 2022. He had reported a prior issue with the GPS device and had received a new charger for it on September 20, 2022. But the next day, he only charged the battery for 32 minutes and it died 21 hours later. Cooper admitted he knew he was supposed to charge the device every morning and evening for an hour each, and he did not refute he charged it a mere 32 minutes the day before it died.

On appeal, Cooper argues "he was working with his parole agent to resolve a charging problem." Even if this were supported by the record, the record also supports the reasonable inference that Cooper knew he was supposed to charge the GPS monitor but simply decided not to fulfill that responsibility. (*People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1363 ["when two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court"].) Sufficient evidence accordingly

4

supports the trial court's finding, and there was no abuse of discretion in revoking Cooper's parole.  (See *People v. Zaring* (1992) 8 Cal.App.4th 362, 379 [irresponsible behavior or disrespect for orders and expectations of court justifies revocation of probation]; *People v. Kingston* (2019) 41 Cal.App.5th 272, 278 [same].)

## DISPOSITION

The order is affirmed.

LEE, J.[*]

WE CONCUR:

BAKER, Acting P. J.

MOOR, J.

---

[*] Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.