Filed 7/22/24  P. v. Jacquett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND AUSTIN HASSON JACQUETT IV,<br><br>    Defendant and Appellant. | C100024<br><br>(Super. Ct. No. STKCRFE20190003800) |

In 2022, this court upheld defendant Raymond Austin Hasson Jacquett IV's conviction for second degree murder.  (*People v. Jacquett* (Jul. 14, 2022; C091059) [nonpub. opn.] (*Jacquett*).)  But this court reversed his prison sentence of 15 years to life for that conviction and remanded for resentencing in light of the trial court's misunderstanding that he was statutorily ineligible for probation.  (*Ibid.*)  Following an evidentiary hearing on remand, the trial court denied probation and imposed the same sentence.

1

Appointed counsel for defendant filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant filed a supplemental brief. We affirm.

## BACKGROUND

"Defendant Raymond Austin Hasson Jacquett IV was convicted by a jury in a murder-for-hire case. Dr. Thomas Shock, a podiatrist, was shot multiple times in the doorway of his home in Lodi. The jury found defendant guilty of second degree murder for his role in the killing organized by codefendant Robert E. Lee (Lee) in revenge for Dr. Shock's treatment of Lee's wife Bonnie Lee, which Lee believed led to her suffering and death." (*Jacquett*, *supra*, C091059.)

In their brief on remand, the People asked the trial court to deny probation and reimpose the same sentence. Defendant filed a statement in mitigation with supporting exhibits challenging certain aspects of the original probation report and arguing he should be granted probation given: his lack of prior record, his limited involvement in the murder, and the five plus years he had already served. Defendant submitted an alternative resentencing report drafted by a retired probation officer.

At the December 2023 resentencing hearing, the trial court explained its analysis of the applicable factors, highlighting its disagreement with certain factual discrepancies and conclusions of the alternative resentencing report minimizing defendant's responsibility for the crime. The trial court denied defendant's request for probation and resentenced him to 15 years to life with updated custody credits. Defendant timely appealed.

## DISCUSSION

Defendant has filed a supplemental brief arguing he did not receive a fair resentencing because the judge was biased and refused to accept his version of the crime as supported by the evidence he submitted in support of his statement in mitigation.

" ' "A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner." [Citation.] A court abuses its discretion "whenever the court exceeds the bounds of reason, all of the circumstances being considered." [Citation.] We will not interfere with the trial court's exercise of discretion "when it has considered all facts bearing on the offense and the defendant to be sentenced." ' [Citation] ' "[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation. . . ." ' [Citation.]" (*People v. Kingston* (2019) 41 Cal.App.5th 272, 278.)

Here, defendant disagrees with the trial court's evaluation of the evidence. That does not demonstrate his resentencing was unfair. The court provided a detailed analysis of the applicable factors, highlighting its disagreement with certain factual discrepancies and conclusions of the alternative resentencing report minimizing defendant's responsibility for the crime. That defendant would have preferred the trial court draw different inferences from the evidence does not equate to an abuse of discretion. (See, e.g., *People v. Butcher* (2016) 247 Cal.App.4th 310, 318 [an appellate court reviewing the decision to revoke probation will not "reweigh conflicting evidence or determine credibility on appeal"].)

Having also undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
RENNER, Acting P. J.

/s/
BOULWARE EURIE, J.