Filed 11/21/24  P. v. Tiffith CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY TIFFITH,<br><br>    Defendant and Appellant. | 2d Crim. No. B329785<br>(Super. Ct. Nos. TA151960<br>& TA154042)<br>(Los Angeles County) |

Anthony Tiffith appeals an order revoking probation following a contested hearing.  (Pen. Code[1] § 1203, subd. (a).)  He contends the record contains insufficient evidence he either (1) drove while under the influence of a drug or (2) possessed a controlled substance for sale.  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In separate cases, appellant pleaded no contest to second degree robbery (§ 211) and possession of a firearm by a felon

_____

[1] Undesignated statutory references are to the Penal Code.

(§ 29800, subd. (a)(1)). On the section 211 conviction, the court suspended execution of a five-year prison sentence and placed appellant on five years formal probation. On the section 29800, subdivision (a) conviction, the court ordered two years formal probation to run concurrently. Appellant was to obey all laws as a condition of probation.

Several months after sentencing, the court held a contested probation revocation hearing. Officer Richard Phillips testified that while he was responding to a radio call at around 11:55 p.m., he saw a car approaching him. Officer Phillips tried to get the attention of the driver, later identified as appellant. However, the car collided with the driver's side door of the police vehicle where Officer Phillips had been standing. Officer Phillips had to jump back into the police vehicle to avoid the car. Officer Phillips indicated the car appellant drove was moving at a "slow rate of speed."

When appellant got out of the car, he had an unsteady gait and was struggling to keep his eyes open. Officer Phillips's search of the car uncovered multiple containers with a "green leafy substance resembling marijuana," as well as individual clear plastic baggies and scales. Officer Phillips believed the items he found were in a backpack in the passenger seat or front area somewhere, but he was uncertain. He testified the backpack was in the car. "[M]ultiple denominations of U.S. currency" were also recovered, but Officer Phillips was unsure of their location. Officer Phillips formed an opinion that appellant possessed cannabis for sale. Other officers conducted field sobriety tests and formed the opinion that appellant had been driving under the influence of an unknown substance.

Appellant testified he had consumed Promethazine and Codeine, known as "Lean." A cup of that "put [him] down," which he was not expecting. Appellant denied knowing the contents of the "backpack with some stuff" found in the car. The car belonged to appellant's cousin.

The court found appellant in violation of probation, noting that "by his own admission . . . he's driving while intoxicated." The court imposed the suspended five-year prison sentence, with a 16-month term to run concurrently. The court determined five years was "an appropriate sentence based on the behavior of driving into a police car while basically under the influence of many drugs, while in possession of drugs that appear to be packaged for sale."

## DISCUSSION

A court may revoke and terminate probation if the interests of justice so require and the court, in its judgment, has reason to believe the person has violated any probation condition or has subsequently committed other offenses. (*People v. Gray* (2023) 15 Cal.5th 152, 163; § 1203.2, subd. (a).) "The facts supporting a probation revocation must be proved by a preponderance of the evidence." (*Gray*, at p. 163.)

"We review the trial court's probation revocation order for an abuse of discretion. [Citations.] The trial court's factual findings are reviewed for substantial evidence." (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.) A trial court's decision to revoke probation is afforded great deference and "'will not be disturbed in the absence of a showing of abusive or arbitrary action.'" (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

Substantial evidence supports the trial court's conclusion that appellant violated probation by driving while intoxicated.

3

(Veh. Code, § 23152, subd. (f).)  Appellant admitted to consuming multiple drugs prior to driving a car into a police vehicle. Objective indicia (e.g., unsteady gait, inability to keep his eyes open) further corroborated this evidence of intoxicated driving. As did the opinion of officers who conducted field sobriety tests.

To the extent the court found appellant possessed drugs—specifically, cannabis—for sale, substantial evidence likewise supports this conclusion.  (Health & Saf. Code, § 11359.)  Officer Phillips relayed his opinion that appellant possessed cannabis for sale based on the presence of a "green leafy substance resembling marijuana," individual plastic baggies, scales, and multiple cash denominations.  The evidence, when viewed in the light most favorable to the judgment, withstands appellant's sufficiency challenge.  (See *People v. Smith* (2005) 37 Cal.4th 733, 739.)

The court did not abuse its discretion in revoking appellant's probation and imposing the prison sentence.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.          BALTODANO, J.

4

Carol J. Najera, Judge
Superior Court County of Los Angeles

_____

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Susan S. Kim, Deputy Attorney General.