Filed 7/14/25  P. v. Puckett CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAMONT RALPH PUCKETT,<br><br>    Defendant and Appellant. | 2d Crim. No. B339001<br>(Super. Ct. No. 24CAPH01852)<br>(Los Angeles County) |

Lamont Ralph Puckett appeals from the trial court's order revoking his parole and remanding him to the custody of the California Department of Corrections and Rehabilitation (CDCR) and the jurisdiction of the Board of Parole Hearings (BPH) pursuant to Penal Code,[1] section 3000.08, subdivision (h).  He contends, and the Attorney General concedes, the order was erroneous because his parole term was three years (§ 3000.01, subd. (b)(2)) and not life (§ 3000.1, subd. (a)), and consequently the sanction of return to prison pursuant to section 3000.08,

_____

[1] All statutory references are to the Penal Code.

subdivision (h) did not apply.  We agree.  We affirm the order revoking Puckett's parole but reverse the order remanding him to CDCR custody and BPH jurisdiction.

FACTUAL AND PROCEDURAL HISTORY

In 1993, Puckett was convicted of first degree murder (§§ 187, subd. (a), 189, subd. (a)), assault by force likely to produce great bodily injury (§ 245, subd. (a)(1)), and battery causing serious bodily injury (§ 243, subd. (d)).  He was sentenced to life in prison with parole.  He was released on parole on November 24, 2020.  He was scheduled to be discharged from parole on November 24, 2023.  Because he absconded supervision, the running of the parole period was tolled from August 30, 2023, until his arrest on March 30, 2024.

Following a parole revocation petition from the parole agent and an evidentiary hearing, the trial court on June 25, 2024, found Puckett violated parole by absconding from supervision, committing grand theft of an automobile, and possessing a firearm and ammunition.  The court revoked parole supervision and remanded Puckett to the custody of CDCR and BPH jurisdiction for the purpose of future parole consideration (§ 3000.08, subd. (h)).

Appointed counsel initially found no arguable issues on appeal and filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  After Puckett filed a supplemental brief in propria persona raising the issue of his parole term, we requested and received briefs on that issue from appointed counsel and the Attorney General.

DISCUSSION

When a parolee violates parole and the parole agency determines intermediate sanctions are not appropriate, it shall petition the court to revoke parole.  (§ 3000.08, subd. (f).)  If the

2

court finds the parolee violated parole, it may modify the parole conditions, incarcerate the parolee for up to 180 days in county jail, or refer the parolee to a reentry court or other evidence-based program. (§ 3000.08, subds. (f)(1)–(3), (g).)

"However, 'once a court finds that a *lifetime parolee* has violated conditions of parole *or* the law, a special rule applies' and those options ' "do not exist." ' " *(People v. Reed* (2024) 103 Cal.App.5th 43, 51 *(Reed).)* For such cases, subdivision (h) of section 3000.08 provides: "Notwithstanding any other law, if Section 3000.1 . . . applies to a person who is on parole and the court determines that the person has committed a violation of law or violated his or her conditions of parole, the person on parole shall be remanded to the custody of the Department of Corrections and Rehabilitation and the jurisdiction of the Board of Parole Hearings for the purpose of future parole consideration."

Here the issue is whether section 3000.1 applied to Puckett, which would authorize returning him to prison. Section 3000.1, which was last amended in 2014, states that for an inmate sentenced to life imprisonment for murder, the parole term is "the remainder of the inmate's life." (§ 3000.1, subd. (a).) But section 3000.01, enacted in 2020, provides different parole periods for "persons released from state prison on or after July 1, 2020." (§ 3000.01, subd. (a).) With certain exceptions inapplicable here, "[a]ny [such] inmate sentenced to a life term shall be released on parole for a period of three years." (§ 3000.01, subd. (b)(2).) The three-year period applied to Puckett, who was released from prison and paroled on November 24, 2020.

The conflict between the lifetime parole period provided in section 3000.1, subdivision (a), and the three-year period in section 3000.01, subdivision (b)(2), was resolved by the Court of Appeal for the First District, Division 3, in *Reed, supra*, 103 Cal.App.5th 43.

3

The court concluded that section 3000.01 applied to persons sentenced to a life term released on parole after July 1, 2020. (*Reed*, at p. 53.)

Subdivision (b) of section 3000.01 states that it applies "notwithstanding any other law." This "suggests the Legislature intended this section to take precedence over any conflicting provisions." (*Reed, supra*, 103 Cal.App.5th at p. 53.) "[E]very appellate court to consider the issue has concluded the term limits in section 3000.01 override conflicting preexisting provisions." (*Ibid*.) *Reed* concluded that subdivision (h) of section 3000.08 did not apply, and the court's options instead were limited to those in subdivisions (f) and (g). (*Reed*, at p. 54.) *Reed* was followed by Division 4 of the First Appellate District in *People v. Batten* (2025) 109 Cal.App.5th 908, 912.

The opinion in *Reed, supra*, 103 Cal.App.5th 43 is well-reasoned and we accept the Attorney General's concession that Puckett be released from parole in this case. Because Puckett has been in prison for the parole violation in excess of the 180-day jail sentence he could have received pursuant to section 3000.08, subdivisions (f) and (g), he shall be released from custody in this case forthwith.

*In propria persona contentions*

Puckett's pro. per. supplemental brief also raised additional contentions, which we briefly address here. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232; *People v. Butcher* (2016) 247 Cal.App.4th 310, 317.)

First, Puckett contends he did not abscond but reported as directed. A parole violation must be proved by a preponderance of the evidence. (*In re Miller* (2006) 145 Cal.App.4th 1228, 1234–1235.) We review an order revoking parole for abuse of discretion and review the court's factual findings for substantial evidence.

4

(*People v. Butcher*, *supra*, 247 Cal.App.4th at p. 318 [probation revocation]; *In re Miller*, at p. 1235 [probation revocation and parole revocation "constitutionally indistinguishable"].)  "[W]e do not reweigh conflicting evidence or determine credibility on appeal." (*Butcher*, at p. 318.)  The trial court here weighed the conflicting evidence on this issue and found Puckett absconded. Substantial evidence supports the finding that Puckett violated parole.

Second, Puckett contends the parole violation was barred by double jeopardy.  This contention is without merit. (*In re Dunham* (1976) 16 Cal.3d 63, 69.)

DISPOSITION

We affirm the trial court's findings that Puckett violated parole but reverse the court's orders remanding Puckett to CDCR custody and BPH jurisdiction (§ 3000.08, subd. (h)).  His parole period in this case has been completed and he shall be released from custody in this case forthwith.  Pursuant to the stipulation of the parties, this opinion is final for all purposes immediately upon filing, and the clerk of this court is directed to issue the remittitur immediately upon the filing of the opinion (Cal. Rules of Court, rules 8.366(a), 8.272(c)(1); *Ng v. Superior Court* (1992) 4 Cal.4th 29, 34, fn. 1.)  This opinion does not affect Puckett's custody status in any other cases.

NOT TO BE PUBLISHED.


BALTODANO, J.

We concur:


GILBERT, P.J.                          CODY, J.

5

Robert M. Kawahara, Judge

Superior Court County of Los Angeles

_____

Lamont Ralph Puckett, in pro. per.; Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.