Filed 5/19/22  P. v. Weed CA2/7
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B301436 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA143782) |
| v. | |
| DAGAN NOKSI WEED, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael J. Schultz, Judge.  Affirmed as modified with directions.

Julie Caleca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, William H. Shin and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Dagan Noksi Weed appeals from the trial court's order revoking his probation and imposing a five-year prison sentence the court had previously suspended. Weed and the prosecutor negotiated the five-year sentence as part of a plea agreement. The trial court found Weed willfully violated the terms of his probation when he took two cars belonging to his wife, Christina Payano, and hit Payano with a backpack and kicked her in the face while taking one of the cars.

Weed argues substantial evidence did not support the trial court's finding he violated the terms of his probation because Payano testified at the probation violation hearing she lied to the police about the physical altercation. He also argues any violation was not willful because he believed he had permission to drive the cars. Finally, Weed argues we should strike the two 1-year sentence enhancements the trial court imposed under Penal Code former section 667.5, subdivision (b),[1] because Senate Bill No. 136 (2019-2020 Reg. Sess.), which limits that enhancement to prior prison terms for sexually violent offenses, applies retroactively to his sentence. Weed asserts the rest of his sentence under the plea agreement remains intact.

In our original opinion, we concluded that substantial evidence supported the trial court's order revoking probation and that Senate Bill No. 136 applied to Weed's sentence. We agreed with Weed that we should dismiss the one-year enhancements but disagreed with him that the rest of his sentence under the plea agreement remained intact. We directed the trial court to dismiss Weed's two 1-year sentence enhancements and to allow

---

[1]     Statutory references are to the Penal Code.

the parties to withdraw from the plea agreement and seek the trial court's approval of a new sentence.

Weed petitioned for review. Weed argued that, because this case presented the same issues as those pending in *People v. Hernandez* (2020) 55 Cal.App.5th 942 (*Hernandez*), vacated and cause transferred for reconsideration, Dec. 22, 2021, S265739, the Supreme Court should grant review and "hold this petition behind *Hernandez.*" The Supreme Court granted review and deferred briefing pending its decision in *Hernandez.*

Before the Supreme Court issued a decision in *Hernandez* the Governor signed Senate Bill No. 483 (2021-2022 Reg. Sess.), which addressed the issues Weed presented in his petition for review.[2] The Supreme Court subsequently transferred Weed's case back to this court with directions to vacate our original decision and reconsider the cause in light of Senate Bill No. 483. We now vacate our original opinion and accept the People's concession that under Senate Bill No. 483 we should dismiss Weed's enhancements under former section 667.5, subdivision (b), and leave intact the remainder of his sentence under the plea agreement.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Weed Pleads No Contest to False Imprisonment by Violence, and the Trial Court Places Him on Probation*

The People charged Weed with false imprisonment by violence (§ 236), willful infliction of corporal injury resulting in a

---

[2] The Supreme Court subsequently transferred *Hernandez* to the Fifth District Court of Appeal with directions to vacate its decision and reconsider the cause in light of Senate Bill No. 483.

traumatic condition on a spouse (§ 273.5, subd. (a)(1)), and battery committed against a spouse or person with whom the defendant is cohabiting (§ 243, subd. (e)(1)).  The People also alleged that Weed had one prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12) and that he served two prior prison terms within the meaning of section 667.5, subdivision (b).

Weed pleaded no contest to false imprisonment by violence and admitted the two prior prison term allegations, and the court dismissed the other charges and allegations pursuant to the plea agreement.  On August 13, 2018 the court imposed and suspended execution of a five-year prison sentence, consisting of a three-year term for false imprisonment by violence and two 1-year enhancements under section 667.5, subdivision (b), and placed Weed on probation for five years.  The terms and conditions of Weed's probation included that he maintain "peaceful contact" with Payano.  The court explained:  "As to . . . Payano, at her request, there will be no restraining order.  It simply will be a no-harm, have-friendly-visits [order].  You will not do something stupid."

B.     *Weed Takes Payano's Lexus Without Permission*

On April 5, 2019 Payano contacted the Los Angeles Police Department to report a carjacking and told Officer David Torres that, while she was moving her Lexus for trash collection day, Weed approached the passenger-side window and tried to take the keys from the car.  Payano stated that, when she got out of the car to talk to Weed, he hit her three times with a backpack.  Payano fell to the ground, and Weed kicked her in the mouth.  Weed drove away in the Lexus.  Payano showed Officer Torres a

4

cut on the inside of her lip she said she received when Weed kicked her. Officer Torres testified Payano was crying and visibly upset.

C.     *Weed Takes Payano's BMW Without Permission*

On August 15, 2019 Payano reported to the police that the previous day Weed had again taken a car from her, this time a BMW, without permission. Later that day, Officer Joseph Braun responded to a radio call concerning a possible assault with a deadly weapon. Officer Braun drove to the scene, and Payano flagged him down from her car. Payano told Officer Braun that she had just returned from the police station and that Weed was "over there" near a BMW. Officer Braun saw Weed and detained him. After Officer Braun read Weed his rights under *Miranda v. Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694], Weed stated he took the keys to the car the previous day from a hook in Payano's home. Weed stated that Payano called him numerous times asking him to return the car, but that he refused because he was with a friend.

Payano called Weed's probation office and spoke with Probation Officer Jamaal Hawkins. Payano told Officer Hawkins that Weed stole her BMW, which was in her mother's name, and that she was going to file a report at the police station. Payano subsequently went to the probation office, spoke again with Officer Hawkins, and told him she "had a tussle" with Weed earlier in the day when she tried to take the car keys from him. Payano also told Officer Hawkins the police had arrested Weed. Payano explained that, given her small stature, she was "in no . . . situation to be getting into physical altercations" with Weed and that she was afraid of him.

5

D.    *The Trial Court Revokes Weed's Probation and Sets a Probation Violation Hearing*

On August 29, 2019 the trial court, after considering a probation report and a motion by the prosecutor, revoked Weed's probation.  The trial court remanded Weed to custody and set a probation violation hearing.

E.    *Payano Recants at the Probation Violation Hearing*

Officers Torres, Braun, and Hawkins testified at the probation violation hearing, as did Payano.  Payano confirmed that on April 5, 2019 she called the police because Weed took her Lexus without her consent and did not return it when she asked him.  Payano stated that Weed had a key to the Lexus, that she did not see Weed take the car, and that there was no physical altercation on that day.  Payano also testified that she lied to the police about the assault because she was angry Weed had taken her car without permission and that most of her statements to the police were not true.

Payano also confirmed that on August 15, 2019 she went to the police station and reported that Weed had taken her car the previous day without permission and refused to return it.  Payano further confirmed that, after she left the station, she flagged down a police car she saw driving toward her mother's home and told the officers Weed had taken her car without her permission.  Payano, however, denied she had a physical altercation with Weed and said she did not remember anything else she told the police that day.  Payano stated that she went to Weed's probation office to discuss Weed's mental health issues with his probation officer and that she told Officer Hawkins that Weed had taken her car without her consent.  Payano testified

that she exaggerated and lied about the physical altercation and that she loved Weed and did not want anything bad to happen to him.

F.     *The Trial Court Revokes Weed's Probation and Imposes the Five-year Sentence*

The trial court found by a preponderance of the evidence Weed had willfully violated the terms of his probation. The trial court found that Payano's testimony at the hearing was designed to convince the court Weed was "not violent or a domestic abuser" and had not been violent toward or abused her in the past. The court found her testimony Weed had not engaged in domestic violence was "clearly impeached" and was not credible. The trial court also found that Weed took the cars without consent and that Weed used force to take the Lexus by hitting Payano with the backpack and kicking her.

The trial court revoked Weed's probation and imposed the five-year prison term. The court stated it was concerned about the safety of Weed, those who loved him, and the community.

G.     *Weed Appeals, and This Court Affirms with Directions*

In his original briefing, Weed contended substantial evidence did not support the trial court's finding he violated the terms and conditions of his probation by assaulting Payano and taking her cars without her permission. Weed also contended we should strike the one-year prior term prison enhancements under Senate Bill No. 136, which amended section 667.5, subdivision (b), so that the enhancement applied only to specific violent sexual offenses, and leave intact the remainder of his sentence under the plea agreement.

7

In our original opinion, we held substantial evidence supported the trial court's finding Weed violated the terms of his probation.  We agreed with Weed that Senate Bill No. 136 applied retroactively to his one-year sentence enhancements under former section 667.5, subdivision (b), and that the trial court must dismiss those enhancements.  We disagreed with Weed, however, that the rest of his sentence remained intact.  We concluded the Legislature did not intend Senate Bill No. 136 to permit the trial court to unilaterally modify a plea agreement by striking the prior prison term enhancements and keeping the remainder of the bargain.  We observed the split in authority on the proper remedy after a court strikes portions of a sentence that were integral to the plea agreement and decided, until the Supreme Court resolved the split in authority, to follow the line of authority more consistent with the Supreme Court's decision in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*).[3]  We directed the trial court to dismiss the two 1-year sentence enhancements the trial court imposed and to allow the parties to reconsider the plea agreement.

---

[3]    In *Stamps*, *supra*, 9 Cal.5th 685 the Supreme Court held Senate Bill No. 1393 (2017-2018 Reg. Sess.), which authorizes a trial court to dismiss in the interest of justice a serious felony conviction under section 667, subdivision (a), did not allow the court to exercise its discretion to strike the enhancement but otherwise maintain the plea bargain.  (*Id*. at pp. 692, 702.)  The Supreme Court stated:  "In order to justify a remand for the court to consider striking his serious felony enhancement while maintaining the remainder of his bargain, defendant must establish not only that Senate Bill 1393 applies retroactively, but that, in enacting that provision, the Legislature intended to overturn long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it under section 1385."  (*Id*. at p. 701.)

H. *The Supreme Court Grants Review, the Legislature Enacts Senate Bill No. 483, and the Supreme Court Transfers the Case Back to This Court*

Weed petitioned for review. The Supreme Court granted Weed's petition and deferred briefing pending its decision in *Hernandez*, *supra,* 55 Cal.App.5th 942. Two weeks later, the Governor signed Senate Bill No. 483, which addressed the issues Weed presented in his petition for review: whether the People may withdraw from a plea agreement after a court dismisses enhancements under former section 667.5, subdivision (b), and whether, if the People rescind the plea agreement, the court can sentence the defendant to a term longer than the original sentence. The Supreme Court transferred Weed's case to this court and directed us to vacate our decision and reconsider the case in light of the recent legislative enactment.

## DISCUSSION

Weed contends substantial evidence did not support the trial court's findings that he physically assaulted Payano and that he willfully violated the terms and conditions of his probation. We conclude substantial evidence supported the trial court's findings. Weed also contends, the People now concede, and we agree that Senate Bill No. 136 applies to his sentence and that under Senate Bill No. 483 the two 1-year enhancements should be stricken. Therefore, we affirm the judgment as modified.

A.     *Applicable Law and Standard of Review*

"Section 1203.2, subdivision (a), authorizes a court to revoke probation if the interests of justice so require and the court, in its judgment, has reason to believe that the person has violated any of the conditions of his or her probation.  [Citation] "'When the evidence shows that a defendant has not complied with the terms of probation, the order of probation may be revoked at any time during the probationary period.""" (*People v. Urke* (2011) 197 Cal.App.4th 766, 772, fn. omitted; see *People v. Leiva* (2013) 56 Cal.4th 498, 504-505.)

"The standard of proof in a probation revocation proceeding is proof by a preponderance of the evidence." (*People v. Urke*, *supra*, 197 Cal.App.4th at p. 772; see *People v. Rodriguez* (1990) 51 Cal.3d 437, 447 ["proof of facts supporting the revocation of probation pursuant to section 1203.2(a) may be made by a preponderance of the evidence"].)  The evidence must show "'the probationer's conduct constituted a willful violation of the terms and conditions of probation.'" (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295; see *People v. Galvan* (2007) 155 Cal.App.4th 978, 982.)  "In essence, the issue at a probation revocation hearing is whether the defendant's conduct demonstrates that the leniency extended by the grant of probation remains justified." (*People v. Garcia* (2006) 39 Cal.4th 1070, 1087.)

We review the trial court's finding a defendant violated the terms of his or her probation for substantial evidence.  (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318; *People v. Urke, supra*, 197 Cal.App.4th at p. 773.)  On review for substantial evidence, "great deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of

10

clemency, the granting and revocation of which are entirely within the sound discretion of the trial court.'" (*Urke*, at p. 773; see *People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849 ["our review is limited to the determination of whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision"].) ""'[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation.""" (*Urke*, at p. 773.) We review a trial court's decision to revoke and terminate probation for abuse of discretion. (See *People v. Rodriguez*, *supra*, 51 Cal.3d at p. 443; *People v. Michael W.* (1995) 32 Cal.App.4th 1111, 1119.

B.    *Substantial Evidence Supported the Trial Court's Finding Weed Violated the Terms of His Probation*

Weed's argument substantial evidence did not support the trial court's finding he violated probation rests primarily on the fact Payano, at the probation violation hearing, recanted her statements to the police. Weed also argues that he did not know he needed Payano's permission to use the cars and that, had he physically assaulted Payano, her injuries would have been a lot worse.

Substantial evidence supported the trial court's findings. It was undisputed Weed took Payano's Lexus on April 5, 2019 and her BMW on August 15, 2019. The evidence showed that Weed knew he needed Payano's permission to take the cars and that Weed knew he was using the cars without consent. Payano testified that she often told Weed he had to ask her if he wanted to use the car, that she told the police Weed took the Lexus

11

without her consent, and that he did not return it when she asked him. Payano made similar statements about the BMW taking on August 5, 2019. Weed confirmed to Officer Braun that Payano had asked him to return the BMW, but that he refused because he was busy with a friend.[4]

Weed argues Payano was not a credible witness because she said she lied to the police about the April 5, 2019 incident. Weed also argues the small cut on Payano's lip was too minor of an injury to show that Weed used force to take the Lexus or that a physical struggle had occurred. Officer Torres, however, testified Payano told him Weed hit her three times with a backpack and kicked her in the face when she fell. Although Payano testified these statements were lies, the trial court was entitled to believe what Payano told Officer Torres on the day of the incident and disbelieve Payano's attempts at the probation violation hearing to change her story. (See *People v. Gomez* (2018) 6 Cal.5th 243, 280-281 ["'[i]n deciding the sufficiency of the evidence, a reviewing court resolves neither credibility issues nor evidentiary conflicts,'" and "'[r]esolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact' [citation] in the 'absence of patent falsity, inherent improbability, or other reason to question [the testimony's] validity'"]; *People v. Jones* (2013) 57 Cal.4th 899, 963 ["'we must accord due deference to the trier of fact and not substitute our

---

[4]    Weed also argues he thought he had the legal right to take the cars because they were community property. But Payano testified that the cars were hers and that Weed did not have permission to take them. And, even if the cars were community property, Weed did not have the right to use violence to take them.

12

evaluation of a witness's credibility for that of the fact finder,'" and "'unless the testimony is physically impossible or inherently improbable, [the] testimony of a single witness is sufficient to support a conviction'"].)

That Payano's injuries were limited and did not require medical treatment did not preclude the court from disbelieving Payano's testimony. There was no direct evidence of how much force Weed used to take the Lexus on April 5, 2019. The trial court reasonably could have concluded Weed assaulted Payano with enough force to take the car, but not enough to cause extensive injuries. Indeed, the court stated Weed may have assaulted Payano to humiliate her, not to inflict serious injury.

C. *Senate Bill No. 136 Applies to Weed's Two 1-year Sentence Enhancements*

Senate Bill No. 136 amended section 667.5, subdivision (b), effective January 1, 2020, to limit the sentence enhancement to prison terms imposed for specific violent sexual offenses. (See Stats. 2019, ch. 590, § 1.) Senate Bill No. 136 applies to all cases not yet final. (*People v. Esquivel* (2021) 11 Cal.5th 671, 673; *People v. Ruggerio* (2021) 65 Cal.App.5th 1126, 1128.)

Weed's case is not final because the trial court, when it placed Weed on probation, imposed and suspended execution of a five-year prison sentence and because he can still obtain direct review of the trial court's order revoking probation and imposing the five-year sentence. As the Supreme Court held in *People v. Esquivel, supra*, 11 Cal.5th 671, a case is not yet final for purposes of Senate Bill No. 136 when "a defendant is placed on probation with execution of an imposed state prison sentence suspended" because the defendant can "still timely obtain direct

13

review of an order revoking probation and causing the state prison sentence to take effect." (*Id.* at p. 673.)  The Supreme Court in *Esquivel* explained that a case like Weed's is not final under *In re Estrada* (1965) 63 Cal.2d 740 because the defendant has "not exhausted direct review of the order causing his carceral punishment to take effect.  The time for him to seek that review had not expired.  And he had not successfully completed probation." (*Esquivel*, at p. 678; cf. *People v. Chavez* (2018) 4 Cal.5th 771, 782 [the trial court's power is "significantly attenuated" once the probation period ends].)  Therefore, Weed is entitled to the benefits of Senate Bill No. 136.

> D.  *The Two 1-year Sentence Enhancements Under Former Section 667.5, Subdivision (b), Are Invalid, but the Rest of Weed's Sentence Is Valid*

Effective January 1, 2022, Senate Bill No. 483 added section 1171.1, subdivision (a), which invalidates any enhancement under former section 667.5, subdivision (b), that was imposed prior to January 1, 2020, "except for any enhancement imposed for a prior conviction for a sexually violent offense."[5]  (Stats. 2021, ch. 728, § 3; see *People v. Flores* (2022) 77 Cal.App.5th 420, 443.)  Senate Bill No. 483 specifies

---

[5]  The Legislature extended the benefits of Senate Bill No. 136 to all defendants, including those whose judgments were final on the effective date of Senate Bill No. 136.  (See Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 of the 2019-20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"]; see *People v. Flores* (2022) 77 Cal.App.5th 420, 443.)

procedures for resentencing and, among other requirements, provides: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1171.1, subd. (d)(1).) Senate Bill No. 483 also states the legislative intent regarding the effect of section 1171.1 on sentences negotiated as part of plea agreements: "It is the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, § 1.)

Weed argues, and the People concede, Senate Bill No. 483 "establishes that in a [Senate Bill No.] 136 case resolved by plea agreement, where qualifying sentencing enhancements were imposed under the previous version of section 667.5, subdivision (b), the proper remedy is for those enhancements to be stricken while leaving the remainder of the plea agreement intact."[6] In light of the People's concession, which we accept, the

---

[6] The section of Senate Bill No. 483 that contains the Legislature's statement of intent to prohibit the prosecutor or court from rescinding the plea agreement is uncodified. (See Stats. 2021, ch. 728, § 1.) The People do not argue this section does not amount to a legislative directive. In fact, the People state: "Senate Bill No. 483 mandates that the two one-year prior prison term enhancements be dismissed and prohibits the prosecutor from withdrawing from the plea agreement based on those dismissals." While this may not be an entirely accurate description of the new law, because the People concede Senate

15

prior prison term enhancements in this case should be stricken without giving the parties the opportunity to reconsider the plea agreement.  Remanding for resentencing would not serve any purpose because new section 1171.1, subdivision (d)(1), precludes the court from imposing a longer sentence than the one originally imposed, and the trial court here imposed the upper term on the only offense Weed pleaded no contest to.  (See *People v. Lopez* (2019) 42 Cal.App.5th 337, 342 [no need to remand for resentencing after striking an enhancement under former section 667.5, subdivision (b), because the trial court imposed the maximum sentence].)  Therefore, we modify the judgment by striking Weed's two 1-year enhancements and affirm the judgment as modified, which means Weed only serves the three-year term for false imprisonment by violence.

## DISPOSITION

The order revoking Weed's probation is affirmed.  The judgment, as modified by striking Weed's two 1-year sentence enhancements under former section 667.5, subdivision (b), is affirmed.  The trial court is directed to amend the abstract of

Bill No. 483 prohibits recission of the plea agreement in this case, we do not decide whether an uncodified expression of legislative intent, as opposed to an uncodified statute, has the same force as a regularly enacted statutory provision.

16

judgment and send a certified copy of the amended judgment to the Department of Corrections and Rehabilitation.


SEGAL, J.

We concur:



PERLUSS, P. J.



FEUER, J.