Filed 8/13/25  P. v. Wilburn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101025 |
| Plaintiff and Respondent, | (Super. Ct. No. 24PA000539) |
| v. | |
| TERRENCE LAMAR WILBURN, | |
| Defendant and Appellant. | |

Defendant Terrence Lamar Wilburn appeals from an order revoking his parole and sentencing him to 180 days in jail.  He contends 1) there is insufficient evidence to support the finding that he willfully refused to comply with the condition that he participate in Global Positioning System (GPS) monitoring, and 2) the trial court abused its discretion by revoking his parole because any violation was de minimis.  We affirm the order.

BACKGROUND

Defendant was released from jail and placed on parole on a Sunday.  Agent Maurrio Deloney was assigned as his parole officer.  The parole office provided

defendant with notice of his parole conditions. These conditions included requirements that defendant report to parole by 5:00 p.m. on the first business day following his release and comply with all instructions from his parole officer. In addition, because of his prior conviction for a sex offense, defendant was subject to special conditions of parole that required him to register as a sex offender (Pen. Code,[1] § 290) and participate in GPS monitoring (§ 3010.10). His GPS monitoring condition specifically stated: "I acknowledge and understand that I shall participate in continuous electronic monitoring; e.g., GPS technology, including any approved GPS modification. The GPS device records my location and provides data. The data is retained indefinitely and may be shared with other law enforcement agencies." The parole agent read the conditions aloud to defendant. While being advised of his parole conditions, defendant was agitated and refused to sign the form acknowledging the special conditions of his parole, but provided "appropriate, substantive responses."

The morning after his release from custody, defendant went to the Sacramento County Sheriff's Department to register as a section 290 sex offender. Defendant refused to complete his registration until his property was returned by law enforcement. Eventually, defendant went outside and Agent Deloney arrived at the sheriff's department. Although not a condition of defendant's parole, parole officers are required to place the GPS on the parolee during their first interaction. Accordingly, Agent Deloney discussed placing the GPS device on defendant. Defendant refused. Defendant understood he was required to have the GPS device placed on his ankle. Despite this understanding, he refused to comply with Agent Deloney's instructions three or four times. Defendant continued to demand his property be returned and said that he wanted

---

[1] Undesignated statutory references are to the Penal Code.

to retrieve it from Agent Deloney's office before the device was placed on his ankle. Defendant "pretty much said, 'You're not putting it on me.' "

During this exchange defendant became increasingly agitated. Defendant told Agent Deloney "You are not putting shit on me until you drive me to the office to get my stuff." When Agent Deloney again instructed defendant to comply with having the GPS device placed on his ankle, defendant said, "Fuck you. You're just going to have to take me to jail." Defendant was very agitated and attempted to get into Agent Deloney's car. Defendant remained agitated, yelling and "cussing" at Agent Deloney. Agent Deloney did not feel safe driving defendant to another location while he was in that agitated state. Ultimately, defendant was restrained in handcuffs and taken to the local jail.

Agent Deloney filed a petition for revocation of parole alleging that defendant violated parole by failing to participate in GPS monitoring. The petition recommended defendant be returned to custody for 180 days.

At the contested hearing, defendant argued he did not "flatly refuse" to allow Agent Deloney to place the GPS on him. Rather, he said that he would not comply until his property was returned, and because he was still within the time constraints of being able to report, he could have complied later in the day by returning to the parole office to be fitted for the GPS device. The trial court rejected this argument, noting defendant said, "Quote, fuck you. You're just going to have to take me to jail, unquote. Which is clearly saying, I'm not wearing the monitor, because you're not taking me to get my stuff. He didn't say, F you, then I'll just come back later and register. He's saying my day ends here and now. I have no more interest in dealing with you . . . :"

The trial court found defendant's statements indicated defendant was "adamant and professe[d] his adamant position about wearing the GPS monitor as evidenced by the two statements. I don't find that condition 46 is anything he's willing to abide by without, . . . bartering for it, or as expressed by him demonstrating a willingness to go to jail rather than cooperate with" the parole condition. The trial court concluded

3

defendant's attempts to barter his compliance in exchange for his property and his willingness to go to jail rather than cooperate with the GPS device condition demonstrated he was out of compliance with the terms of his parole. Accordingly, the trial court found defendant violated parole and sentenced defendant to 180 days in jail, with credit for 136 days of time served.

DISCUSSION

I

*Substantial Evidence of Parole Violation*

Defendant claims there is insufficient evidence that he violated the terms of his parole. Specifically, he contends there is not substantial evidence he willfully refused to be fitted with the GPS device. He claims Agent Deloney gave conflicting testimony as to the timing requirements for defendant to comply with the reporting and GPS conditions pointing out that Agent Deloney testified that defendant had until the close of business to report to parole but also testified that he was required to put the GPS device on defendant at their first meeting. Defendant then argues since there was no evidence he knew that he was required to have the GPS device put on him during the first contact with his parole agent, he did not willfully violate probation.

We review the trial court's factual findings of a parole violation for substantial evidence. (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318 [probation revocation].) Although *Butcher* involved probation revocation proceedings, parole and probation revocation hearings are equivalent for the purpose of our review. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441.) Under the substantial evidence "standard, our review is limited to the determination of whether, upon review of the entire record, there is substantial evidence of solid value, contradicted or uncontradicted, which will support the trial court's decision. In that regard, we give great deference to the trial court and resolve all inferences and intendments in favor of the judgment. Similarly, all conflicting evidence will be resolved in favor of the decision." (*People v. Kurey* (2001) 88

4

Cal.App.4th 840, 848-849.)  The facts supporting revocation of parole must be proven by a preponderance of the evidence.  (§ 3044, subd. (a)(5).)

Defendant cites *People v. Cervantes* (2009) 175 Cal.App.4th 291 to support the proposition that a court cannot revoke probation unless the defendant's conduct is a willful violation of the terms and conditions of probation.  Defendant does not offer any authority or argument that the same standard applies to parole revocation hearings.  Because as noted, parole revocation is indistinguishable from probation revocation in terms of due process, we will assume a willful violation is required.

A willful violation requires " 'simply a purpose or willingness to commit the act . . . ,' without regard to motive, intent to injure, or knowledge of the act's prohibited character.  [Citation.]  The terms imply that the person knows what he is doing, intends to do what he is doing, and is a free agent.  [Citation.]  Stated another way, the term 'willful' requires only that the prohibited act occur intentionally." (*In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1438.)  Willful in this context also includes the failure to fulfill the condition as "the result of irresponsibility, contumacious behavior or disrespect for the orders and expectations of the court. . . ."  (*People v. Zaring* (1992) 8 Cal.App.4th 362, 379.)  In the case of an alleged omission, the term " 'willfulness' " requires proof that the person knew of his or her duty to act, as a failure to act cannot be intentional unless the person knew he or she was under such a duty.  (*People v. Davis* (2005) 126 Cal.App.4th 1416, 1436.)

Initially, we do not agree that Agent Deloney's testimony regarding his obligation to place the GPS device on defendant during his first encounter with defendant created an additional condition of parole of which defendant was unaware.  Defendant knew he was required to submit to GPS monitoring and to follow Agent Deloney's instructions.  He did neither.  Defendant's repeated refusals to allow Agent Deloney to fit the GPS monitor were unequivocal.  Nothing in his words or actions indicated he thought he could come back later to be fitted for the GPS device or that he was willing to do so.  To the contrary,

5

his refusals escalated as the exchange continued. By the end, he made clear he would rather Agent Deloney take him to jail than submit to having the GPS device fitted. His parole conditions did not permit him to make demands of Agent Deloney to secure his compliance nor did they suggest that once he was instructed to comply, he could refuse for any reason and comply later.

The timing of Agent Deloney's instructions and defendant's refusals does not render his refusals to comply with the conditions any less willful. As the trial court found, defendant was adamant in his refusals and his adamance demonstrated his unwillingness to comply with the GPS condition, irrespective of whether there was additional time in which he could comply. Defendant made clear that he would rather go to jail than comply. Defendant knew of his obligation to comply, intentionally did not comply, and his failure to comply with the parole condition was the result of his "contumacious behavior or disrespect for the orders and expectations of the court." (*People v. Zaring*, *supra*, 8 Cal.App.4th at p. 379.) We conclude there was substantial evidence to support the trial court's finding that defendant willfully violated his parole conditions.

II

*De Minimis Violation*

Defendant next claims that even if there is substantial evidence of a willful violation, the trial court abused its discretion in revoking his parole, because the parole violation was de minimis.

The Legislature has concluded continuous electronic monitoring is an effective tool for supervising high-risk persons, including sex offenders like defendant. (§ 3010, subd. (e).) Unless the court finds it is in the interests of justice in a particular case, the court must revoke parole and impose a jail sentence of 180 days when a registered sex offender (§ 290) fails to have a GPS device affixed to his person as instructed by a parole officer. (§ 3010.10, subd. (d).) Defendant made no argument in the trial court or on

6

appeal that it would be in the interests of justice in this case to not revoke his parole and incarcerate him for 180 days.  Defendant's refusal to comply with Agent Deloney's instructions to be fitted for the GPS device posed a risk to public safety because it prevented the government from monitoring his compliance with other parole conditions. Consequently, defendant's claim that his parole violation was de minimis fails.

DISPOSITION

The order revoking parole is affirmed.

/s/
WISEMAN, J.[*]

We concur:

/s/
MAURO, Acting P. J.

/s/
KRAUSE, J.

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.