Filed 1/7/26  P. v. Davis CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B342379 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24CJCF00438) |
| v. | |
| ADRIN ZAMONE DAVIS, JR., | |
| Defendant and Appellant. | |

THE COURT:

Defendant Adrin Zamone Davis, Jr., appeals the judgment imposed following an order revoking his probation and sentencing him to state prison. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 raising no issues; we notified Davis of his counsel's brief and gave him leave to file, within 30 days (which time we later extended by another 30 days), his own brief or letter stating any grounds or argument he might wish to have considered. Davis filed no such brief or letter. We have reviewed the record and, finding no error, affirm

with instructions to correct the abstract of judgment to reflect Davis has not been convicted of a serious or violent felony.

## BACKGROUND

Davis was charged by felony complaint filed January 19, 2024, with a single violation of Penal Code[1] section 273.5, subdivision (a). According to the complaint, Davis had inflicted corporal injury on his girlfriend two days earlier.

The same day Davis was charged, his appointed counsel raised doubts as to Davis's mental competency. At a hearing on February 2, 2024, the trial court found Davis not competent to stand trial and ordered him medicated. After treatment, on June 4, 2024, the court accepted the opinion of a psychologist that Davis's competence had been restored.

Davis was arraigned and pled not guilty on June 7, 2024.

Pursuant to an agreement with the People, Davis changed his plea to no contest on June 21, 2024. The trial court suspended his sentence and placed him on three years' probation. Conditions of Davis's probation included that he obey all laws; comply with a protective order for the benefit of the victim; and stay away from, refrain from violence against, and not harass, annoy, or molest, the victim.

On August 2, 2024, police went to the victim's residence. She told them Davis had been there earlier that morning and they got into an argument—Davis wanted to have sex; the victim did not. She told police Davis grabbed her by the collar, dragged her to the ground, and repeatedly kicked her in the head.

After a hearing on November 15, 2024, the trial court found Davis had violated the terms of his parole. The victim testified at

---

[1]     Undesignated statutory references are to the Penal Code.

the hearing that she misidentified Davis to police and denied he was at her house. She claimed her statements to the police were "just [her] mental health talking," and she had been "diagnosed with mental health" and suffered delusions in the past. She also testified she loved Davis and would "do anything for [him]."

Without objection from Davis's trial counsel, a police officer who was at the victim's house on August 2, 2024, testified as to her on-scene statements about Davis's presence and conduct that morning. He also testified about her injuries he observed— abrasions on her right knee and left toe. The officer testified he did not observe any injuries to her head.

The defense moved to dismiss for insufficiency of the evidence "[b]ased on [the victim's] admission regarding the fact that she ha[d] suffered from delusions in the past and believe[d] that she may have been suffering a delusion at the time that she made [her] report to the police, and the fact that she described being kicked in the head and there was no visible injury consistent with being kicked in the head."

After the People urged the trial court to discount the victim's testimony on credibility grounds, the court found the preponderance of the evidence showed Davis had violated the terms of his probation. The court sentenced Davis to the low term of two years in state prison, with 141 days' credit for prior custody and 141 days' credit for good behavior and work performed. It also ordered Davis to pay a $350 restitution fine, a $350 parole revocation restitution fine, a $40 court security fee, and a $30 construction fine.

Trial counsel filed a timely notice of appeal on Davis's behalf. No certificate of probable cause appears in the record. As such, the appeal is limited to any issues arising after entry of

3

Davis's plea that do not affect its validity. (§ 1237.5.) Accordingly, we do not review the trial court's determination that Davis was competent to stand trial. (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1100 [mental competence is a certificate issue, which Court of Appeal must decline to address absent timely certificate of probable cause].)

## DISCUSSION

### I.      Applicable Law and Standard of Review

In conducting a probation revocation hearing, a trial court exercises its discretion to " 'revoke and terminate the supervision of the person if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation or parole officer or otherwise that the person has violated any of the conditions of their supervision, or has subsequently committed other offenses, regardless of whether the person has been prosecuted for those offenses.' " (*People v. Gray* (2023) 15 Cal.5th 152, 163, quoting § 1203.2, subd. (a).) Section 1203.2, subdivision (a), confers "great flexibility upon judges making the probation revocation determination." (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) Indeed, "trial courts are granted great discretion in determining whether to revoke probation." (*Id.* at p. 445.)

The facts supporting a probation revocation must be proved by a preponderance of the evidence. (*People v. Rodriguez, supra,* 51 Cal.3d at p. 447.)

"We review the trial court's probation revocation order for an abuse of discretion. [Citations.] The trial court's factual findings are reviewed for substantial evidence." (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.)

4

The abuse of discretion standard of review is deferential. (*People v. Williams* (1998) 17 Cal.4th 148, 162.) The standard "asks in substance whether the ruling in question 'falls outside the bounds of reason' under the applicable law and the relevant facts [citations]." (*Ibid.*)

## II.  Analysis

Substantial evidence supports the trial court's conclusion that Davis violated his probation and the court did not abuse its discretion in revoking probation.

The trial court had before it conflicting evidence as to whether Davis assaulted the victim at her home on August 2, 2024. On the one hand, it had the police officer's testimony about the victim's statements the morning Davis had been at her home and assaulted her. On the other hand, it had the victim's testimony at the hearing that she had misidentified Davis to police as a consequence of her mental health. Particularly given the victim's avowed motive to protect Davis—that she loved him and would "do anything for [him]"—the court could reasonably reject her testimony and accept that of the police officer concerning her out-of-court statements. (See *People v. Cuevas* (1995) 12 Cal.4th 252, 276-277 [after gang members testified it was wrong to testify against rival gang members, a reasonable factfinder could conclude they "were telling the truth when they made their out-of-court statements to police officers and that they recanted those statements in court for gang-related reasons"; out-of-court statements were substantial evidence to support conviction].)

Having found a serious probation violation, the trial court acted within its discretion in revoking probation. "A grant of probation is intended to afford the defendant an opportunity to

demonstrate over the prescribed probationary term that his or her conduct has reformed to the degree that punishment for the offense may be mitigated or waived." (*People v. Feyrer* (2010) 48 Cal.4th 426, 439, italics omitted, superseded by statute on another ground as stated in *People v. Park* (2013) 56 Cal.4th 782, 789, fn. 4.) By assaulting the victim on August 2, 2024, Davis engaged in the same conduct for which he had been convicted. It was not unreasonable or irrational for the court to conclude Davis had not been reformed such that it would be inappropriate to waive or mitigate his punishment on that basis.

The penalties the trial court assessed were permissible. It sentenced Davis to two years in state prison, the low term for Davis's violation of section 273.5, subdivision (a). In accordance with section 1202.44, it imposed a probation revocation fine in an amount equal to the restitution fine it ordered when granting probation. It imposed a $40 court operations assessment in accordance with section 1465.8, subdivision (a)(1). And, it imposed a $30 court maintenance assessment in accordance with Government Code 70373, subdivision (a)(1).

However, as appointed counsel notes, the abstract of judgment incorrectly reflects Davis was convicted of a serious or violent felony. No such conviction appears in the record.

## DISPOSITION

The judgment is affirmed. The trial court shall prepare a corrected abstract of judgment not indicating Davis was convicted of a serious or violent felony.

LUI, P. J.                    CHAVEZ, J.        RICHARDSON, J.

6